Anastasi Brothers Corporation, Appellant, *v.* Commonwealth.

Argued November 28, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Herbert L. Olivieri*, for appellant.

*Guy J. DePasquale*, Assistant Attorney General, with him *Eugene J. Anastasio*, Deputy Attorney General, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, January 24, 1974:

Anastasi Brothers Corporation,[1] filed in the Bureau of Taxes for Education a petition for refund of taxes paid. Denial of the petition was appealed to the Board of Finance and Revenue which denied the requested relief. The Commonwealth Court without a jury heard the appeal on stipulated facts. That court dismissed the appeal[2] and we affirm.[3]

The refund sought, $2,104.35, represents tax paid to Spring-Lock Scaffolding Company, on the purchase of personal property to be used by appellant in its construction business.[4] The substance of Anastasi's claim is that the personal property was purchased for use outside the Commonwealth and thus neither the sale nor the use is taxable in Pennsylvania. See *Commonwealth v. John W. Thompson Co.*, 450 Pa. 5, 297 A.2d 109 (1972). We need not, however, reach this question since we conclude that the Commonwealth Court properly denied relief because appellant failed to state an issue cognizable on appeal.

Procedure in tax appeals is prescribed by statute.[5] Section 1104 of The Fiscal Code mandates that "ap-

---

[1] Appellant is a Pennsylvania corporation registered to do business as a masonry construction contractor in Florida, Massachusetts, New Jersey, Rhode Island, Vermont, and the District of Columbia, as well as in Pennsylvania.

[2] *Anastasi Bros. Corp. v. Commonwealth*, 9 Pa. Commonwealth Ct. 288, 305 A.2d 738 (1973).

[3] This Court's jurisdiction attaches pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 203, 17 P.S. § 211.203 (Supp. 1973).

[4] A March, 1970 audit of Spring-Lock disclosed a deficiency resulting from the sale to Anastasi Brothers. Anastasi reimbursed Spring-Lock for the tax paid and filed a petition for refund.

[5] Act of April 9, 1929, P.L. 343, art. XI, § 1104, as amended, 72 P.S. § 1104 (Supp. 1973) (amended and repealed in part, Act of July 31, 1970, P.L. 673, art. V, §§ 508(a)(29), 509(g)(33), as amended, 17 P.S. §§ 211.508(a)(29), 211.509(g)(33) (Supp. 1973)).

peals taken hereunder shall be hearings de novo . . . and no questions shall be raised which are not included in the specification of objections filed . . . ." In the Commonwealth Court, the parties filed a "Stipulation of Facts and Agreement to Try Without Jury" which among other things reserved "the right to introduce additional evidence not inconsistent herewith into the record at the time of trial . . . ." The stipulation did not incorporate, expressly or impliedly, the records of the prior administrative proceedings. Appellant assumed that all testimony and documentary evidence presented to the administrative agencies automatically became part of the record in the Commonwealth Court. This assumption was erroneous. *Commonwealth v. Yorktowne Paper Mills, Inc.*, 419 Pa. 363, 368-70, 214 A.2d 203, 206 (1965).

Consequently appellant in its stipulation of facts failed to allege that the property was purchased for use outside the Commonwealth. This allegation, the foundation upon which appellant's entire theory of recovery is built, was not in the record before the court nor, as required by section 1104, in the specification of objections. Therefore the appeal was correctly dismissed.

It is argued, however, that the stipulation's reservation of the right to introduce additional evidence permits appellant to present testimony or documents indicating the destination of the purchased items. While this interpretation may, in fact, be correct, it fails to furnish any basis for disturbing the Commonwealth Court's adjudication. The present record reflects no effort to introduce any additional evidence until after the conclusion of the Commonwealth Court hearing. The refusal of the court to reopen the record for submission of additional evidence is a matter of discretion. *Commonwealth v. Deitch Co.*, 449 Pa. 88, 100-01, 295 A.2d 834, 841 (1972). There is no indication of abuse

of discretion where, as here, the court declined to reopen the record of a case already argued and submitted on a stipulation of facts.

Furthermore, even assuming that additional evidence had been received, appellant's "Appeal and Specifications"[6] to the Commonwealth Court do not raise any issue justiciable by a court on a hearing de novo. In the specifications Anastasi "appeal[ed] the decision dated March 24, 1972, of the Board of Finance and Revenue . . . for the following reasons: 1. The decision was against the weight of the evidence. 2. The decision was arbitrary and capricious. 3. Petitioner presented sufficient affidavits and oral testimony to sustain its position. 4. The Bureau of Taxes for Education failed to meet the burden of proof necessary to sustain its order and assessment."

It is obvious, as the Commonwealth Court observed, that on appeal de novo the sufficiency or weight of the evidence previously presented is not a cognizable issue. Here specifications 1 through 3 challenged only the weight and sufficiency of the evidence submitted in the administrative hearings and did not state a justiciable issue in the Commonwealth Court.

Specification 4 fails to recognize that by statute a party appealing pursuant to section 1104 has the burden of proving facts requiring reversal.[7] Here appellant failed to prove any facts justifying a refund. Indeed, on the record before the Commonwealth Court no question was presented since appellant stipulated a prima facie taxable sale in Pennsylvania. *Commonwealth v. Carheart Corp.*, 450 Pa. 192, 195-96, 299 A.2d 628, 630-31 (1973). In *Carheart* the Commonwealth stipulated facts making nontaxable certain stock. We

---

[6] See note 5 supra and accompanying text.

[7] The Tax Reform Code of 1971, Act of March 4, 1971, P.L. 31, art. II, § 236, 72 P.S. §7236 (Supp. 1973) ; see *Commonwealth v. Bogus*, 88 Dauphin County Rptr. 94, 96 (Pa. C. P. 1967).

there observed that the "evidentiary record binds the Commonwealth—as it does the taxpayer—and is determinative of this tax controversy." *Id.* at 196, 299 A. 2d at 630.

As the Commonwealth in *Carheart* stipulated facts preventing imposition of the tax, here taxpayer by its stipulation has precluded a refund. Furthermore, even had the appeal and specifications presented a justiciable issue, appellant's failure to incorporate the administrative record or to present evidence de novo on appeal would require affirmance.

The order of the Commonwealth Court is affirmed.

Mr. Justice MANDERINO concurs in the result.