381 A.2d 1280

**COMMONWEALTH of Pennsylvania**

v.

**Fred W. STALEY and Barbara K. Staley, Appellants.**

Supreme Court of Pennsylvania.

Argued May 4, 1976.

Decided Jan. 26, 1978.

John D. Rively, Harrisburg, for appellant.

Donald J. Murphy, Deputy Atty. Gen., Harrisburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

MANDERINO, Justice.

Appellants, Fred W. Staley and Barbara K. Staley, husband and wife, filed a state income tax return for the year 1971, showing joint income of $6,543. In reporting their taxable income, appellants did not include all of the payments of money received by the husband from the Prudential Insurance Company of America, by whom the husband was employed as a life insurance agent.

The appellee, Commonwealth of Pennsylvania, Department of Revenue, determined appellants' taxable income to be $8,524. The difference in the amount of taxable income reported by the appellants and that determined by the appellee, an amount of $1,981, represented business expenses which appellant Fred Staley had incurred during the taxable year. Appellants excluded from the total payments received

from the husband's employer that amount expended for business expenses, and reported the balance of payments received as taxable income. Appellee concluded that the exclusion was not proper, and computed appellants' tax liability to be higher than the amount paid. An assessment was issued for $40.67 due.

Appellants' petition for reassessment was denied and their petition for review of the Department's decision was denied, after hearing, by the Board of Finance and Revenue. The Commonwealth Court affirmed, *Commonwealth v. Staley,* 21 Pa.Cmwlth. 193, 344 A.2d 748 (1975). We granted appellants' petition for allowance of appeal, and this appeal followed. If appellants are correct in the amount of their taxable income, they are entitled to a refund of $5.00.

Appellee concedes that appellants claimed business expenses were legitimate, but contends that the amount of money expended by appellant for these expenses is not to be excluded from the total payments received from the husband's employer.

The husband was employed pursuant to a contract which provided that he would receive payments from his employer on a commission basis for insurance sold. The contract further provided that the husband was to pay all of his business expenses.

Appellants contend that the total commission payments received by the husband from the employer do not constitute taxable income. The Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, as amended, 72 P.S. § 7101 et seq. (Code), imposes an income tax on eight classes of income. Section 302 and section 303. The first class of income specified in the Code is that class of income with which we are primarily concerned. It is a class defined as "compensation." Section 303(a)(1) states that a tax is to be paid on:

"All salaries, wages, commissions, bonuses and incentive payments whether based on profits or otherwise, fees, tips and similar remuneration *received for services rendered* whether directly or through an agent and whether in cash or in property except income derived from the United

States Government for active duty outside the Commonwealth of Pennsylvania as a member of its armed forces." (Emphasis added.)   72 P.S. § 7303(a)(1) (Supp.1977–1978). Section 301(d) of the Code also defines compensation as follows:

"(d) Compensation means and shall include salaries, wages, commissions, bonuses and incentive payments whether based on profits or otherwise, fees, tips and similar remuneration received *for services rendered,* whether directly or through an agent, and whether in cash or in property.

The term 'compensation' shall not mean or include:  (i) periodic payments for sickness and disability other than regular wages received during a period of sickness or disability;  or (ii) disability, retirement or other payments arising under workmen's compensation acts, occupational disease acts and similar legislation by any government;  or (iii) payments commonly recognized as old age or retirement benefits paid to persons retired from service after reaching a specific age or after a stated period of employment;  or (iv) payments commonly known as public assistance, or unemployment compensation payments by any governmental agency;  or (v) *payments to reimburse actual expenses,* or (vi) payments made by employers or labor unions for programs covering hospitalization, sickness, disability or death, supplemental unemployment benefits, strike benefits, social security and retirement;  or (vii) any compensation received by United States servicemen serving in a combat zone."   (Emphasis added.)   *Id.* § 7301(d).

Appellants contend that section 301(d)(v), which states that "compensation" shall not include "payments to reimburse actual expenses," entitles them to exclude from taxable income that portion of the payments received from the employer which is equal to the amount of business expenses incurred by the employee.   Appellants further argue that if section 301(d)(v) is not so interpreted, it is unconstitutional in that it violates the Uniformity Clause of the Pennsylvania Constitution, Article VIII, section 1.

Appellee, on the other hand, contends that the phrase "payment to reimburse actual expenses" is not applicable to appellants because that phrase applies only to a situation in which the employee submits an expense voucher to the employer and receives payment based on the expense voucher. Appellee contends that section 301(d)(v) does not apply to a situation in which the employee pays business expenses out of the payments received from the employer without the necessity of submitting an expense voucher to the employer.

■ Ordinarily, when faced with the construction of a statute, constitutional issues should be avoided, if possible, and a determination made on the basis of an interpretation of the statute. In our view, the two issues raised in this case—(1) the proper interpretation of the Code, and (2) the constitutionality of the provision in the Code—must be considered together.

■ The Statutory Construction Act creates a presumption that when enacting a statute the General Assembly intends a result which violates neither the Constitution of the United States nor the Constitution of this Commonwealth. 1 Pa.C.S.A. § 1922(3). Although the phrase "payments to reimburse actual expenses" might reasonably be given either the interpretation advocated by appellants, or that advocated by appellee, we conclude that the interpretation advocated by the appellee would render the provision unconstitutional under the Uniformity Clause of the Pennsylvania Constitution.

We must first examine the statutory definition of compensation. Although the parties have concentrated on section 301(d)(v) which tells us what is *not* compensation—"payments to reimburse actual expenses"—we must, of course, look to those parts of the Code which tell us what *is* compensation. Both section 301(d), the definition section of the Code, and section 303(a)(1), which specifies the classes of income to be taxed, state that compensation is something which is *received for services rendered.* The husband's contract with his employer recognized that he would incur

expenses in the pursuit of his employment. These expenses appellant would pay. Moreover, appellee does not dispute that the business expenses of the husband were legitimately incurred by him. Can it realistically be said that all of the payments received by the husband were received for *services rendered*? We think that one could reasonably answer "No." More realistically, the parties contemplated that the husband would retain some of the payments received for his *services* and use a certain portion of the payments for business expenses. It would be unrealistic to conclude in such an arrangement that the bargained for commission percentages did not recognize that the employee would use some of the payments for business expenses.

Section 301(d)(v), however, tells us that compensation shall not mean or include "payments to reimburse actual expenses." It could be concluded that the use of the word "reimburse" was intended to include only payments by an employer made after the employee submits vouchers, as argued by appellee here. That interpretation, however, contradicts section 303, which limits compensation to payments received for *services rendered*. Presented with this ambiguity, we believe the matter must be resolved in favor of the appellants, otherwise an unconstitutional discrimination between taxpayers similarly situated would result.

The Uniformity Clause of the Pennsylvania Constitution, Article VIII, § 1, reads:

"All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

Relying on our decision in *Amidon v. Kane,* 444 Pa. 38, 279 A.2d 53 (1971), appellants contend that the Uniformity Clause would be violated by section 301(d)(v) if appellee's interpretation prevails, because it imposes different taxes on the same kind of income, namely compensation for seeking out and writing life insurance policies; because it imposes different taxes on the same class of persons, namely life insurance agents; and because it imposes different stan-

dards for determining when the same legitimate business expenses may be excluded from compensation.

*Amidon v. Kane* considered the validity of the predecessor to the present Article III of the Tax Reform Code: the Personal Income Tax, Article III, Tax Reform Code of 1971, 72 P.S. § 7101 et seq. The earlier Article III defined taxable income for Pennsylvania income tax purposes to be essentially the same as taxable income under the federal Internal Revenue Code. In *Amidon,* we held that the Personal Income Tax violated the Uniformity Clause and was therefore unconstitutional even though it purported to impose a flat three and one-half per cent tax on all "taxable income." The nonuniformity occurred in two distinct ways; first because

> ". . . the concept of 'taxable income' already reflects the federal personal exemptions for the taxpayer and his qualified dependents. . . . Thus, built-in to the Tax Reform Code of 1971 are exactly the same elements of nonuniformity as were condemned in both *Kelley* [*v. Kalodner,* 320 Pa. 180, 181 A. 598 (1935)] and *Saulsbury* [*v. Bethlehem Steel Co.,* 413 Pa. 316, 196 A.2d 664 (1964)]."

444 Pa. at 51, 279 A.2d at 60.

Secondly, the act excluded from taxable income all interest earned on obligations of the Commonwealth or its political subdivisions:

> "The Tax Reform Code of 1971 imposes in its own terms a tax '[f]or the privilege of receiving, earning or otherwise acquiring income from any source whatsoever . . . .' The holder of tax exempt Pennsylvania securities certainly enjoys this privilege of receiving income yet is not taxed for the privilege but instead is given a tax preference. This situation is manifestly contrary to our holding in *Saulsbury* that a tax upon a privilege '. . . must apply to all who share the privilege.' "

*Id.* at 51, 279 A.2d at 60.

We believe that if § 301(d)(v) is read as argued by appellee and interpreted by the Commonwealth Court, the prohibition of *Amidon* would be applicable to the present case.

"While taxation is not a matter of exact science and perfect uniformity and absolute equality can rarely ever be attained, [citation omitted] the imposition of taxes which are to a substantial degree unequal in their operation or effect upon similar kinds of businesses or property, or upon persons in the same classification, is prohibited."
*Id.* at 48, 279 A.2d at 59.

■ As applied by the Commonwealth Court to the instant case, the Act grants an exclusion for "reimbursed" business expenses (i. e., expenses for which payment is made to the employee after the expenses are incurred, usually upon submission of an expense voucher), whereas "unreimbursed" business expenses (i. e., expenses for which payment is made before the expenses are incurred, or expenses for which no *direct* payment is made by the employer but which instead are covered by the employee out of salary payments) are not so excluded. Such a taxing scheme imposes substantially unequal tax burdens upon persons engaged in the same business, having the same "business expenses," and the same business "income." It is such inequality of tax burden which the Uniformity Clause prohibits.

■ Appellee argues, nevertheless, that this inequality of tax burden is reasonable in light of the relative ease of auditing "reimbursed expenses—presumably monitored by the employer as to necessity and accuracy of amount when compared to the relative difficulty of effectively supervising taxpayer claims concerning what appellee labels as "unreimbursed business expenses." As was said in *Amidon,* however,

" '[i]f a tax is levied on an occupational privilege, it must apply to *all* who share the privilege. Part of the class may not be excused, regardless of the motive behind the action.' "

*Id.* at 50, 279 A.2d at 60, (quoting from *Saulsbury v. Bethlehem Steel Co.,* 413 Pa. at 320, 196 A.2d at 666 (1964)).

■ Although *Saulsbury* dealt with an occupational privilege tax which exempted individuals having annual incomes of less than $600.00, the principle is equally applicable here. If the result of the taxing scheme is the imposition of substantially unequal tax burdens upon persons otherwise similarly situated, the tax is unconstitutional. In the instant case ease of administration cannot justify the substantially different tax burden imposed.

It is easier, argues appellee, to audit business expenses when the employer is keeping a check on the employee and the records, than it is when the employee alone is keeping records and there is no check by a third party. The same argument could be made for taxing wage earners and not the self-employed—and if made, such an argument would be quickly rejected. Yet, in this appeal, appellee would have us adopt an analogous scheme for determining who is entitled to exclude legitimate business expenses from compensation.

In *Jones and Laughlin Tax Case,* 405 Pa. 421, 175 A.2d 856 (1961), we held that any difference in treatment between similarly situated taxpayers based upon impracticability of application of the taxing act must result in "reasonably uniform results." Although complete uniformity and absolute equality in taxation can rarely ever be attained, when a tax imposes substantially unequal burdens on similarly situated taxpayers, it is prohibited by the Uniformity Clause.

Reading section 301(d)(v)'s exclusion to cover only those expenses for which the employee submits an expense voucher to the employer renders the exclusion violative of the Uniformity Clause, for so doing clearly imposes substantially unequal tax burdens on taxpayers in the same class.

The Statutory Construction Act, 1 Pa.C.S.A. § 1928(b)(3), also provides that the provisions of a statute "imposing taxes" are to be strictly construed. *See also Commonwealth v. Air Products and Chemicals,* 475 Pa. 318 at p. 322, 380 A.2d 741, at p. 743 (1977) (". . . excluding provisions [in taxing Acts] must be strictly construed against the taxing authority, not the taxpayer.")

The conclusion we have reached is also consistent with the General Assembly's expressed intention in an analogous situation. Section 303(a)(2) of the Code defines "net profits" —a category which is taxable in addition to "compensation" covered in 303(a)(1).

Section 303(a)(2) includes net profits in its description of classes of income as follows:

"(2) Net profits. The net income from the operation of a business, profession, or other activity, *after provision for all costs and expenses incurred in the conduct thereof,* determined either on a cash or accrual basis in accordance with accepted accounting principles and practices but without deduction of taxes based on income." (Emphasis added.)

Neither party has referred to Section 303(a)(2) and the Commonwealth Court said that the Section did not apply in an employer-employee situation. Nevertheless, it can be seen from this Section that the exclusion of *all* legitimate business expenses in certain cases was acceptable to the General Assembly. Thus, our conclusion that all legitimate business expenses are excludable from compensation pursuant to Section 301(d)(v) is not an approach foreign to the Code.

Accordingly, we reverse the order of the Commonwealth Court dismissing the appeal of Fred W. Staley and Barbara K. Staley, and enter judgment in favor of appellants in the amount of $5.00.

ROBERTS, J., filed a concurring opinion in which O'BRIEN, J., joined.

NIX, J., concurred in the result.

POMEROY, J., filed a dissenting opinion.

EAGEN, C. J., dissents.

JONES, Former C. J., did not participate in the decision of this case.

ROBERTS, Justice, concurring.

I concur in the result and join in the Opinion of the Court to the extent that it holds that the commissions paid to appellant husband by his employer for business expenses are not "compensation" within the meaning of Section 303(a)(1) of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, as amended, 72 P.S. § 7303(a)(1) (Supp.1977). Because the majority's nonconstitutional reasons, without more, require this holding, I see no need to reach the constitutional issue discussed by the majority.

O'BRIEN, J., joins in this concurring opinion.

POMEROY, Justice, dissenting.

I dissent. The majority strains the clear and unequivocal language of Section 301(d)(v) of the Tax Reform Code of 1971, 72 P.S. § 7101 et seq., to reach a result neither intended by the legislature nor required by the Pennsylvania Constitution. I agree entirely with the opinion of Judge Mencer, speaking for a unanimous Commonwealth Court, 21 Pa.Cmwlth. 193, 344 A.2d 748 (1977) and would affirm the dismissal of the present appeal for the reasons stated therein.