John E. Ritz and Catharine M. Ritz, Petitioners *v.* Commonwealth of Pennsylvania, Respondent.

Argued February 5, 1980, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS, BLATT, CRAIG and WILLIAMS, JR. Judges MENCER and MACPHAIL did not participate.

*T. P. Shearer,* with him *George I. Bloom,* for petitioner.

*Vincent J. Dopko,* Deputy Attorney General, for respondent.

OPINION BY JUDGE ROGERS, March 20, 1980:

The appellants, John E. Ritz and Catharine M. Ritz, his wife, filed their joint Pennsylvania Personal Income Tax Return for the calendar year 1975, reporting joint income of $27,195.63 upon which they paid tax of $543.91. The return was accepted as filed by the State taxing authorities. On March 27, 1979, the appellants filed with the Board of Finance and Revenue a Petition for Cash Refund of $27.39. The operative paragraph of the Petition for Cash Refund is the following:

Statement of Reasons for Relief and Requested Action: The Pennsylvania Supreme Court on January 26, 1978 decided that that portion of an employee's compensation used by the employee for expenses made necessary by his employment were not compensation for services rendered. For the year in question the following represents a listing of such expenses actually incurred.

| | |
|---|---:|
| Travel Expense Away From Home as per Federal Form 2106 attached hereto | 1,115.00 |
| Office at Home Expense as per Deduction Taken on Federal Tax—see attached | 58.20 |
| Union Dues | 196.20 |
| Total Deductible Expense | 1,369.40 |

The Board of Finance and Revenue granted relief with respect to the item of travel expenses away from

home amounting to $1,115. It denied relief with respect to union dues amounting to $196.20 and home office expenses in the amount of $58.20. The petitioners have appealed from the Board's denial of their claim for deduction of the two items just mentioned, and if they should prevail they would be entitled to a refund of $5.09.

The facts have been stipulated. The appellants' 1975 income was derived from two positions of employment held by Mr. Ritz. He was employed by the Penn Central Railroad as a trainman and received compensation in the amount of $22,855.69. He paid union dues to the United Transportation Union which the appellants say should be excluded because the collective bargaining agreement between his employer and the union provides that all employees shall become and remain union members as a condition of continued employment. The stipulation records that this provision came about as a result of negotiations between Penn Central and the union and that it was sought as a contract term by the union, not the railroad.

Mr. Ritz's second employment was that of Local Chairman of the Grievance Committee of the United Transportation Union, Local 299. For this employment he received during 1975 $3796.69 from the United Transportation Union and $360 from Local 299. The parties have stipulated that as Local Chairman, Mr. Ritz "was involved in much paper work which required a suitable working area", and that he used the den of his house as a home office. The claim for business expenses of $58.20 was explained on the appellants' Pennsylvania income tax return as follows:

> I am Local Chairman of Grievance Committee Transportation Union Local 299 and use den of 6 room house 14 hrs a week as a home office. The den is used 5 hrs a day for personsal purposes.

Depreciation on house 3rd year of 30
    year life ....................... $ 643.00
Electric .......................... 242.32
Gas for Heating .................. 231.23
Fire Insurance ................... 106.00

                                                     $1222.55

$14 + (5 \times 7) = 49$ hrs per week
$14/49 = 2/7 =$ business purpose
$1222.55 \times 1/6 \times 2/7 = \$58.20$

The Commonwealth stipulated that the figures just given are mathematically correct but in so doing asserted that they have no relevance in the determination of the appellants' income tax liability.

The Pennsylvania Supreme Court case referred to in the appellants Petition for Cash Refund is *Commonwealth v. Staley*, 476 Pa. 171, 381 A.2d 1280 (1978). Both parties to this case invoke it as authority supporting their positions. There the taxpayer, a life insurance agent who was paid on a commission basis for insurance sold and whose employment contract required him to pay all of his business expenses, failed to include all of the money he received from his employer in reporting taxable income to the Commonwealth but excluded from the employer's payments the amount expended by the taxpayer for business expenses. The Commonwealth conceded that the claimed business expenses were legitimate but contended that the amount was not to be excluded from the total payments received from the employer. The Supreme Court held that the taxpayer had properly excluded his business expenses in reporting his Pennsylvania taxable income. The crucial paragraph of Justice MANDERINO's opinion[1] is:

---

[1] Six justices participated in the decision. In addition to the holding discussed in the body of this opinion, Justice MANDERINO wrote that if the statute were to be construed so as not to permit

We must first examine the statutory definition of compensation. Although the parties have concentrated on section 301(d)(v) which tells us what is *not* compensation—'payments to reimburse actual expenses'—we must, of course, look to those parts of the Code which tell us what is compensation. Both section 301(d), the definition section of the Code, and section 303(a)(1), which specifies the classes of income to be taxed, state that compensation *is* something which is received for services rendered. *The husband's contract with his employer recognized that he would incur expenses in the pursuit of his employment.* These expenses appellant would pay. Moreover, appellee does not dispute that the business expenses of the husband were legitimately incurred by him. Can it realistically be said that all of the payments received by the husband were *received for services rendered?* We think that one could reasonably answer 'No.' *More realistically, the parties contemplated that the husband would retain some of the payments received for his services and use a certain portion of the payments*

the exclusion of the taxpayer's business expenses in the circumstances there presented an unconstitutional discrimination between taxpayers similarly situated would be presented, referring to another Code provision specifically excluding from compensation payments to reimburse actual expenses. Two of the six justices dissented from the order entering judgment in favor of the taxpayers. Justice ROBERTS wrote a concurring opinion expressing the view that the case should have been decided solely on statutory interpretation and that there was no need to reach the constitutional issue. Justice O'BRIEN joined in Justice ROBERTS concurring opinion. The sixth and remaining justice, Justice NIX, concurred in the result. It seems therefore that four of the six justices participating agreed that the taxpayer's business expenses were excludable because they were not compensation as defined in Section 303(a)(1) of the Code.

*for business expenses.* It would be unrealistic to conclude in such an arrangement that the bargained for commission percentages did not recognize that the employee would use some of the payments for business expenses. (Emphasis supplied.)

476 Pa. at 176-77, 381 A.2d at 1282-83.

To paraphrase, the court reasoned that since the contract of employment recognized that the taxpayer would incur business expenses in pursuit of his employment, all of the commissions received by him were not received for services rendered and therefore were not compensation as defined by the Code.

It is patent that the circumstances of Mr. Ritz's union dues, in the manner of their incurrence and by their intrinsic nature, are wholly different from those surrounding the taxpayer's business expenses held to be excludable in *Staley.* Mr. Ritz's employment by Penn Central did not include an agreement by him with his employer that he would pay union dues, as was the case of the insurance agent-taxpayer in *Staley.* It is true that Penn Central had agreed with the union that its employees would be required, as a condition of continued employment, to become and remain members of the union; but the parties have stipulated that this term of the collective bargaining agreement was obtained by the union in negotiations with Penn Central. It was clearly not something arranged between Mr. Ritz and Penn Central. Further, Mr. Ritz's union dues were not expenses incurred "in pursuit of his employment" as a trainman for Penn Central, as were the insurance agent's business expenses in selling the employer's policies in *Staley.* Finally, it seems to us that it cannot realistically be said that Mr. Ritz and Penn Central contemplated that Mr. Ritz would retain some of his salary and that he would use a certain portion of it for union dues so that he actually re-

ceived for his services only the amount retained. We conclude that Mr. Ritz's union dues are not excludable from taxable income.

Nor do we believe that the appellants have established their right to exclude Mr. Ritz's home office expenses from taxable income. A party taking an appeal from a decision of the Board of Finance and Revenue has the burden of proving facts requiring reversal. *Anastasi Brothers Corporation v. Commonwealth*, 455 Pa. 127, 315 A.2d 267 (1974). The appellants have not carried this burden. The stipulation of the parties establishes that Mr. Ritz's work for the union involved paper work which required a suitable working area and that he used the den of his house as such. It does not establish the necessary fact that the union recognized that Mr. Ritz would incur any expenses in the pursuit of his union chores. Indeed, the so-called expenses, consisting of estimated depreciation and a share of gas, electric and fire insurance costs seem to be items which the appellants would have incurred regardless of Mr. Ritz's use of his den in doing his union paper work. On this record, it is easier to suppose that the union contemplated that Mr. Ritz would do his work at home without thought that a portion of what he received from the union was not compensation because his house was depreciating and bills were accruing in the amount of $58 a year, than it is to suppose that the union contemplated that Mr. Ritz was receiving something less than the amount it was paying him because he had these expenses.

### ORDER

AND Now, this 20th day of March, 1980, unless exceptions are filed within 30 days hereof, the order of the Board of Finance and Revenue dated April 25, 1978 is affirmed and judgment is entered in favor of the Commonwealth and against the taxpayers in the

amount of $521.61 for 1975 Income Tax liability, less credit for all amounts heretofore paid on account of their liability on this account.

President Judge BOWMAN did not participate in the decision in this case.

Judge ROBERT W. WILLIAMS, JR., dissents.

---

CONCURRING AND DISSENTING OPINION BY JUDGE CRAIG:

I must respectfully dissent from that portion of the opinion which holds that union dues are not excludable from compensation taxable under the Pennsylvania Personal Income Tax in this situation, where union membership—and therefore payment of union dues—is a condition of the employment.

Here, just as in *Commonwealth v. Staley*, 476 Pa. 171, 381 A.2d 1280 (1978), the taxpayer has established that the "contract with his employer recognized that he would incur expenses in the pursuit of his employment." 476 Pa. at 176, 381 A.2d at 1282. That such a provision of the collective bargaining agreement was proposed and sought by the union is immaterial; it has nevertheless become a condition of the contract. In the case of other types of employees—such as those similar to independent contractors—the agreement that an employee undertake certain business expenses also may be proposed by the employee in the first instance; for example it is not hard to imagine a life insurance sales employee proposing that unavoidable expenses for entertaining customers should be recognized as business expenses. In *Staley, supra,* there was no indication that an inquiry into the initial proposing of the contract provision was considered relevant.

The decision of the Pennsylvania Supreme Court in *Staley* suggests a welcome recognition that those

164

who work for others should not be treated as second-class taxpayers as compared to the self-employed, who are allowed to exclude all manner of proper business expenses of their choosing, before arriving at the net profits on which the tax must be paid.[1]

At the very least, where the expenses, such as these union dues, are mandated by contract, they should be recognized as excludable. We have not here been presented with the question whether expenses not expressly mandated by contract should nevertheless be excluded if they are demonstrably necessary.[2]

I concur with the majority opinion with respect to the home office expenses because the record indicates that they have neither been mandated by contract nor otherwise shown to be necessary.

---

[1] Under 61 Pa. Code §103.12, the "costs and expenses" deductible by a businessman in arriving at net profits, are those determined *by the businessman himself*, under accepted accounting principles.

[2] Under 61 Pa. Code §101.6, employees "similar to independent contractors" may exclude "[o]rdinary and necessary business expenses required to be paid or incurred," but that regulation does *not* say that such expenses must be required *by the employer*.