432 A.2d 169

**John E. RITZ and Catharine M. Ritz, Appellants,**

v.

**COMMONWEALTH of Pennsylvania.**

Supreme Court of Pennsylvania.

Argued March 3, 1981.

Decided July 2, 1981.

1

T. P. Shearer, Pittsburgh, for appellants.

Jerome H. Gerber, Elliot A. Strokoff, Harrisburg, for amicus curiae, Pa. AFL–CIO.

Vincent J. Dopko, Dept. of Justice, Harrisburg, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

John E. and Catharine M. Ritz filed a Pennsylvania income tax return for 1975 in which they claimed certain business expenses as exclusions from their taxable income. The Board of Finance and Revenue granted relief with respect to $1,115.00 for travel expenses, but denied relief with respect to $196.20 for union dues and $58.20 for an office at home. The Commonwealth Court affirmed the Board, 412 A.2d 1114. Mr. and Mrs. Ritz appeal from the Order of the Commonwealth Court, challenging the denial of exclusion for union dues and office expense. We reverse the Commonwealth Court and order that the appellants' business exclusions be allowed as claimed.

Mr. and Mrs. Ritz, filed a joint Pennsylvania Income Tax return for 1975 showing a joint income of $27,195.63 upon which they paid tax of $543.91. Subsequently, they filed an application for cash refund of $27.39 (2% of $1,369.40), claiming the following expenses as excludable from gross income:

| | |
|---|---|
| 1. Travel expense away from house as per federal form 2106 attached | $1,115.00 |
| 2. Union dues | 196.20 |
| 3. Office at home deduction as per deduction taken on federal tax | 58.20 |
| | $1,369.40 |

The claim for $58.20 was explained on appellants' Pennsylvania tax return as follows:

> I am Local Chairman of Grievance Committee Transportation Union Local 299 and use den of 6 room house 14 hours a week as a home office. The den is used 5 hours a day for personal purposes.

| | | |
|---|---|---|
| Depreciation on house 3rd year of 30 year life | $ | 643.00 |
| Electric | | 242.32 |
| Gas for heating | | 231.23 |
| Fire Insurance | | 106.00 |

14 + (5x7) = 49 hrs. per week

$^{14}/_{49} = {}^{2}/_{7}$ = business purpose
$1,222.55 x $^{1}/_{6}$ x ${}^{2}/_{7}$ = $58.20

The Commonwealth stipulated that the figures given are mathematically correct, but asserted that union dues and the office expense cannot be excluded as business expenses.

Mr. Ritz's income was derived from his employment on two jobs: he earned $22,855.69 as a trainman for the Penn Central Railroad and $4,156.69 as Local Chairman of the Grievance Committee of the United Transportation Union, Local 299. Of the earnings from union employment, $360.00 was paid by the local and $3,796.69 was paid by the United Transportation Union. The record indicates that the labor contract between Mr. Ritz's union and his employer required him, as a condition of continued employment, to belong to the union.

In *Commonwealth v. Staley*, 476 Pa. 171, 381 A.2d 1280 (1978) we held that an employe who was required, as a condition of employment, to pay all of his business expenses, and who was not reimbursed separately for these expenses, was permitted to exclude from taxable income the amount he paid for legitimate business expenses. The rationale for this holding was that the Personal Income Tax Act, 72 P.S. 7301 *et seq.*, provides for the imposition of tax on eight classes of income. The class of income involved in *Staley* was "compensation," which is defined as payment "for services rendered." [1] The Act specifies that compensation is *not*

---

1. The basic scheme of taxation imposed by the Personal Income Tax Act, 72 P.S. 7301 *et seq.* (Supp. 1980–1981) is as follows: Section 7302 puts a tax on eight classes of income listed in Section 7303. Among these is compensation, which is defined by Section 7303 as "remuneration for services rendered." Section 7301(d) further defines "compensation" as follows:

"Compensation" means and shall include salaries, wages, commissions, bonuses and incentive payments whether based on prof-

"payments to reimburse actual expenses." Since both employer and employe in *Staley* knew that the employe was to pay business expenses from his own funds, it was anticipated that the employe would use some of the salary, there a commission, to pay his expenses. To deny the exclusion of that part of the income used to pay for business expenses, we observed, would be to tax funds that were not paid for "services rendered," but for reimbursement of actual expenses, and would violate the Uniformity Clause of the Pennsylvania Constitution, Art. VIII, section 1, which provides:

> All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws.

The Commonwealth's denial of Staley's exclusion would result in non-uniformity because employes who were reimbursed by separate checks for business expenses would pay tax on those funds only that were designated as salary, but Staley, who might have earned an identical amount in salary and expended an identical amount for business expenses, would pay tax on total funds received (salary + expenses) merely because he received his money in one check rather than two.

The case at bar is analytically identical to *Staley*. Here an employe expended certain sums for business purposes which were not specifically and separately reimbursed by the employer. The Commonwealth does not assert that the amounts expended were unreasonable or that they were not for business purposes, but merely that these business expenses are not excludable from an employe's income. It can hardly be said that Mr. Ritz's employers did not contemplate that he would spend personal funds for the business

its or otherwise, fees, tips and similar remuneration received for services rendered, whether directly or through an agent, and whether in cash or in property.

The term "compensation" shall not mean or include:

.    .    .    .    .

(v) *payments to reimburse actual expenses.*

purposes claimed by Mr. Ritz as exclusions. In the case of Penn Central, the employer was party to the labor agreement which *required* Mr. Ritz to belong to the union *as a condition of continued employment.* This expense may be excluded from Mr. Ritz's taxable income as an ordinary, actual, reasonable and necessary business expense. In the case of the National Transportation Union, it was stipulated that Mr. Ritz's union position involved extensive paperwork and that Mr. Ritz performed this work himself, without the aid of clerical staff. It goes without saying that paperwork necessarily requires an appropriate work area. Since the Commonwealth does not assert that Mr. Ritz was provided a suitable area in which to perform this paperwork by his union-employer, and since the record establishes that Mr. Ritz performed this work in the den of his home, we conclude that the amount claimed as an exclusion for an office at home was also an ordinary, actual, reasonable and necessary business expense and must be allowed.

To hold otherwise would be violative of the Uniformity Clause of the Pennsylvania Constitution, Article VIII, section 1. Here the violation would result from the operation of 61 Pa.Code § 101.6(8)(ii), which provides that payments for unreimbursed business expenses include:

> Ordinary and necessary business expenses required to be paid or incurred by employes who are similar to independent contractors, such as life insurance salesmen, real estate salesmen, securities salesmen, and outside salesmen, in connection with the performance by them of services as employes. These expenses include office rental, office expenses, stationery, postage, entertainment, and the like. For the purposes of this subsection, the job title of a taxpayer will not necessarily be controlling. The Department, where necessary, will make a determination based upon all of the facts in determining taxpayers who are similar to independent contractors.

This section of the Pennsylvania Code, in conjunction with § 7301(d)(v) of the Personal Income Tax Act, which excludes from compensation "payments to reimburse actual expense,"

would permit the exclusion of business expenses from Pennsylvania income tax liability if they are claimed by an employe who is "similar to" an independent contractor, but not if they are claimed by other employes. For taxation purposes, we cannot discern any fundamental difference between employes similar to independent contractors and employes who are not similar to independent contractors. Since the purpose of the Act is to tax income and not reimbursements of business expenses, it is difficult to see what difference it makes whether an employe is similar or dissimilar to an independent contractor in terms of whether he may exclude business expense from his taxable income. Yet § 101.6(8)(ii) of the Pennsylvania Code treats employes as if there were a difference between employes similar to independent contractors and other employes, and thus treats employes non-uniformly: the Code permits one type of employe to exclude his business expenses while denying business exclusions to all other employes. Such differential treatment of employes cannot be said to be uniform, and is barred by the Uniformity Clause of the Pennsylvania Constitution.

Order of the Commonwealth Court is reversed and judgment in favor of appellants is entered in the amount of $5.09.

ROBERTS, J., filed a Concurring and Dissenting Opinion in which O'BRIEN, C. J., joins.

NIX, J., concurs in the result.

ROBERTS, Justice, concurring and dissenting.

Although I agree with the majority that appellants should be permitted to exclude from "compensation" on their Pennsylvania tax return the amount paid by appellant John Ritz as union dues, I cannot agree that, on this record, appellants may also exclude depreciation and utilities and insurance expenses for that portion of their home which appellant John Ritz used part-time as an office. Moreover, I cannot join the majority's voyage into constitutional waters, for

neither claim raised by appellants presents the proper vehicle for consideration of alleged violations of the uniformity clause, Pa.Const. art. VIII, § 1.

In allowing appellants' claimed exclusions for the use of their den as a part-time office, the majority unaccountably misplaces the burden of proof:

> "Since the Commonwealth does not assert that Mr. Ritz was provided a suitable area in which to perform this paperwork by his union-employer, and since the record establishes that Mr. Ritz performed this work in the den of his home, we conclude that the amount claimed as an exclusion for an office at home was . . . an ordinary, actual, reasonable and necessary business expense and must be allowed."

495 Pa. at 8, 432 A.2d at 171–172. However, as the Commonwealth Court correctly held, the burden is not on the Commonwealth to prove that appellant John Ritz could have performed his union duties elsewhere, but rather on appellants to prove that living expenses related to Mr. Ritz's use of his den as a part-time office were ordinary and necessary business expenses within the contemplation of his contract of employment. See, e. g., *Anastasi Bros. Corp. v. Commonwealth*, 455 Pa. 127, 131, 315 A.2d 267, 270 (1974). This appellants have failed to do. The parties have stipulated that it was necessary for Mr. Ritz to perform his union paperwork somewhere, and that he performed the work in his home. However, appellants have neither alleged nor proved that it was *necessary* for him to do the work at home or that the union contemplated that he would incur household expenses in the course of performing his work. As the Commonwealth Court soundly and realistically observed, "[i]ndeed, the so-called expenses, consisting of estimated depreciation and a share of gas, electric and fire insurance costs seem to be items which the appellants would have incurred regardless of Mr. Ritz's use of his den in doing his union paperwork." *Ritz v. Commonwealth*, 50 Pa.Cmwlth. 155, 162, 412 A.2d 1114, 1117 (1980).

Before appellants may challenge, as violative of the uniformity clause, the alleged inequity of denying them exclu-

sions for ordinary and necessary business expenses where the same exclusions are permitted to independent contractors, they must first show that their claimed exclusions are, in fact, ordinary and necessary business expenses. As the Commonwealth Court unanimously and correctly concluded, appellants have failed to meet this threshold burden of proof. Clearly the majority errs in deciding, on constitutional grounds, an issue which appellants lack standing to raise.

So, too, the majority errs in seeking a constitutional basis for its decision to permit appellants an exclusion for mandatory union dues. "This Court has consistently held that we should not decide a constitutional question unless absolutely required to do so." *Mt. Lebanon v. County Board of Elections*, 470 Pa. 317, 322, 368 A.2d 648, 650 (1977). Accord, *Lattanzio v. Unemployment Compensation Bd. of Review*, 461 Pa. 392, 336 A.2d 595 (1975); *Lynch v. O. J. Roberts School Dist.*, 430 Pa. 461, 244 A.2d 1 (1968); *Robinson Township School Dist. v. Houghton*, 387 Pa. 236, 128 A.2d 58 (1956); *Commonwealth v. Picard*, 296 Pa. 120, 145 A. 794 (1929); *Bedford v. Shilling*, 4 Serg. & R. 401 (1818). Similarly, the Supreme Court of the United States has stated: "If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality . . . unless such adjudication is unavoidable." *Spector Motor Service, Inc. v. McLaughlin*, 323 U.S. 101, 105, 65 S.Ct. 152, 154, 89 L.Ed. 101 (1944) (Frankfurter, J.). Accord, e. g., *Rescue Army v. Municipal Court*, 331 U.S. 549, 67 S.Ct. 1409, 91 L.Ed. 1666 (1947).

Since the payment of union dues was mandated by appellant John Ritz's contract of employment with the railroad, it is reasonable to assume that the portion of appellant's salary representing those dues was not compensation "received for services rendered" within the meaning of section 303(a)(1) of the Tax Reform Code. *Commonwealth v. Staley*, 476 Pa. 171, 176–77, 381 A.2d 1280, 1282–83 (1978). In light of this entirely adequate and proper statutory basis for the majority's holding, a ground upon which at least three members of

10

this Court agreed in *Staley*, there is no need for the majority to address the issue of the claimed violation of the uniformity clause. Moreover, the majority's citation of *Staley* as controlling authority for its constitutional analysis ignores the fact that only one member of the Court in *Staley* reached the superfluous constitutional issue.

Appellants' only meritorious claim—that they should be permitted to exclude Mr. Ritz's mandatory union dues from "compensation"—is, as the majority correctly observes, "analytically identical to *Staley*." (495 Pa. 9, 432 A.2d at 171). Thus, this case should be decided, as *Staley* was, on statutory, not constitutional, grounds.

That portion of the order of the Commonwealth Court denying appellants' exclusion of Mr. Ritz's contractually mandated payment of union dues should be reversed on the ground that the salary received for such a payment is not "compensation" under section 303(a)(1) of the Tax Reform Code. That portion of the Commonwealth Court's order denying appellants an exclusion for living expenses relate to Mr. Ritz's use of his den as a part-time office should be affirmed.

O'BRIEN, C.J., joins this concurring and dissenting opinion.