525 A.2d 475

Max L. Williamson and Phyllis C. Williamson, Pe-
titioners *v.* Commonwealth of Pennsylvania, Re-
spondent.

Argued October 9, 1986, before Judges BARRY,
COLINS (P.) and PALLADINO, sitting as a panel of three.

*Stewart R. Snodgrass,* with him, *Thomas L. Steven-
son, Kabala & Geeseman,* for petitioners.

*Robert P. Coyne,* Deputy Attorney General, for respondent.

OPINION BY JUDGE BARRY, May 8, 1987:

This is an appeal by petitioners and taxpayers (taxpayers), Max L. and Phyllis C. Williamson, from an order of the Pennsylvania Board of Finance and Revenue (Board) denying their petition for a refund of a portion of their state personal income tax payment. We affirm.

Max L. Williamson is employed as a patent attorney by Alcoa Corporation. He was transferred from St. Louis, Missouri, to Pittsburgh, Pennsylvania, and reimbursed for his expenses including those incurred in the purchase of a new residence: title insurance premium, notary fee, mechanics' lien premium, 1% mortgage service charge, appraisal fee, credit report cost, recording fees, county and state transfer tax, costs for replacement of taxpayers' licenses and motor vehicle registrations, state automobile inspection fee, license plate costs and income taxes paid on moving expense reimbursement. Taxpayers failed to include this reimbursement as income in their joint Pennsylvania personal income tax return for 1979. The Department of Revenue (Department), as a result, levied the appropriate tax with penalty and interest for $114.86. Taxpayers paid the assessed tax and filed for a refund with the Board. On August 24, 1982, the Board, treating the reimbursement of these expenses as compensation, denied the taxpayers' request.[1] On appeal, taxpayers argue that Section 7301(d) of the Tax Reform Code of 1971, 72 Pa. C. S. §7301(d) limits taxable compensation to payments received for services rendered while specifically excluding "payments to reimburse actual expenses" and that the Department's regulations at 61 Pa. Code §101.6

---

[1] The parties have agreed on the facts as set forth in the Stipulation of Facts which, heretofore are incorporated into the record.

(c)(5)(ii)[2] also exclude such payments from taxable compensation. The issue then is whether these reimbursed expenses are taxable as compensation under the Tax Reform Code. We believe so and affirm the Board.

---

[2] The pertinent regulations read as follows:

(c) Compensation shall not mean or include any of the following:

. . . .

(5) Payments made by employers to employes to reimburse actual expenses. Examples of such expenses are the following:

. . . .

(ii) Moving expenses, which shall include the following:

(A) The following types of expenses and for which the employe is reimbursed in the exact amount by the employer shall not be considered compensation:

(I) The expenses incurred in settling an unexpired lease on an old residence or acquiring a lease on a new residence.

(II) The expenses related to premove house hunting trips by the employe.

(III) The cost of transporting the employe and members of his household to the new location by the shortest and most direct route available and in the shortest period of time commonly required to travel the distance involved.

(IV) The temporary living expenses for the employe and members of his household while waiting to move into permanent quarters.

(V) The cost of moving household goods,

(VII) The storage charges, if paid directly by the employe.

(B) The costs of moving the employe's personal belongings and household furnishings, including intransit storage charges, even if paid directly by the employer to the carrier are not includable as compensation.

(C) The following types of payment made to an employe by the employer in connection with the employe's move to a new principal place of employment within this Commonwealth shall be considered to be compensation

The relevant portion of the Code reads:

(d)  *'Compensation' means and shall include salaries, wages, commissions, bonuses and incentive payments whether based on profits or otherwise, fees, tips and similar remuneration received for services rendered, whether directly or through an agent, and whether in cash or in property.*

The term 'compensation' shall not mean or include: (i) periodic payments for sickness and disability other than regular wages received during a period of sickness or disability; or (ii) disability, retirement or other payments arising under workmen's compensation acts, occupational disease acts and similar legislation by any government; or (iii) payments commonly recognized as old age or retirement benefits paid to persons retired from service after reaching a specific age or after a stated period of employment; or (iv) payments commonly known as public assistance, or unemployment compensation payments by any governmental agency; or (v) *payments to reimburse actual expenses;* or (vi) payments made by employers or labor unions for programs covering hospitalization, sickness, disability or

---

and reportable as gross wages for Commonwealth income tax purposes:

(I)  Additional compensation realized to the extent that the price paid by an employer for the residence of an employe exceeds the fair market value of the property.

(II)  Allowances paid to the employe in lieu of transporting his automobile to the new location.

(III)  Allowances equivalent to 1 month's average earnings paid an employe to cover certain unreimbursable expenses.

(VI)  Allowance for employe's Federal income tax applicable to certain taxable moving expenses.

death, supplemental unemployment benefits, strike benefits, social security and retirement; or (vii) any compensation received by United States servicemen serving in a combat zone. (Emphasis added.)

72 Pa. C. S. §7301(d).

Although the term "actual expenses" has never been defined, our Supreme Court has limited these expenses to business expenses. *See Commonwealth v. Staley,* 476 Pa. 171, 381 A.2d 1280 (1978) and *Ritz v. Commonwealth,* 495 Pa. 1, 432 A.2d 169 (1981). In *Staley,* the Pennsylvania Supreme Court ruled that a lump sum commission payment made to a salesman which was intended to include both remuneration for services rendered and reimbursement for expenses *to be* incurred pursuant to an employer imposed requirement that the taxpayer pay all business-incurred expenses was taxable as compensation only to the extent it represented payment for services rendered and not taxable to the extent it represented reimbursement for expenses. In *Ritz,* the court again ruled that the portion of the taxpayer's salary which he used to subsidize his in-home office work and union membership was excludable because it was not compensation. The court reasoned that, since the employer most likely recognized that the taxpayer would incur these expenses, that portion of his salary attributable to the expenses could not be considered "payment for services rendered". Clearly, in both *Staley* and *Ritz,* the Supreme Court interpreted "actual expenses" to mean business expenses as opposed to living expenses. Thus, we reject taxpayers' request that we treat actual expenses as "any" expenses. Taxpayers' interpretation would feasibly permit the employer to reimburse an employee for unlimited daily living expenses the reimbursement for which would be excludable from income. To accept an interpretation of Section

7301(d) would create a result that is absurd, impossible of execution or unreasonable. *See* 1 Pa. C.S.A. §1922. Therefore, the Department's interpretation of the term "actual expenses" is consistent with both the intention of the legislature and the previous rulings by the Pennsylvania Supreme Court. It follows then that the aforementioned regulations are consistent with this interpretation.

Accordingly, we enter an order affirming the Board.

ORDER

Now, May 8, 1987, the order dated August 24, 1982, issued by the Board of Finance and Revenue denying the petition filed by the taxpayers is affirmed. This order will become final unless exceptions are filed within thirty (30) days. See Pa. R.A.P. 1571(i).