IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark W. Daman and Valerie A.     :
Daman,     :
         Petitioners   :
     :
     v.     : No. 1009 F.R. 2013
     : Submitted: September 22, 2017
Commonwealth of Pennsylvania,   :
         Respondent :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI         FILED: October 16, 2017


       Mark W. Daman and Valerie A. Daman (Taxpayers) petition *pro se* for review of an order of the Board of Finance and Revenue (Board) granting in part and denying in part their appeal from a determination of the Department of Revenue (Department) Board of Appeals (BOA), and disallowing the majority of their claimed $38,150.00 in unreimbursed employee business expenses[1] for tax

---

[1] The Tax Reform Code of 1971 (Code), Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§ 7101-10004, imposes a personal income tax on eight classes of income, including compensation, received by a Pennsylvania resident during a particular tax year. Section 301 of the Code defines the term "compensation" to "include salaries, wages, commissions, bonuses and incentive payments whether based on profits or otherwise, fees, tips and similar remuneration received for services rendered. . . ." 72 P.S. § 7301(d). However, Section 301 goes on to provide that "[t]he term 'compensation' shall not mean or include . . . payments to
**(Footnote continued on next page…)**

year 2010, and determining that a tax of $1,089.00 plus penalties and interest was due. For the reasons that follow, we quash.

On April 15, 2011, Taxpayers filed a timely joint 2010 personal income tax return reporting the following:

| | |
|---|---|
| Gross Compensation | $ 85,333 |
| Unreimbursed Employee Expenses | $ 38,150 |
| Net Compensation | $ 47,183 |
| Interest | $     41 |
| Taxable Income | $ 47,224 |
| Tax Liability | $  1,449 |

Upon reviewing Taxpayers' joint return, the Department issued an assessment disallowing $36,249.00 of Taxpayers' claimed unreimbursed employee business expenses. This modification resulted in adjusted taxable income in the amount of $83,473.00 and a corresponding tax liability of $2,563.00 plus penalties and interest. Taxpayers appealed and the BOA sustained the assessment in its entirety.

Taxpayers then appealed to the Board, asserting that in 2010, Mrs. Daman was employed as a per diem/standby nurse at two separate hospitals in

---

**(continued…)**

reimburse actual expenses. . . ." *Id.* Similarly, the Department's regulation governing "compensation" provides, in pertinent part, that "[c]ompensation does not mean or include . . . [p]ayments made by employers to employes to reimburse actual expenses allowable as an ordinary, reasonable and necessary business expense." 61 Pa. Code § 101.6(c)(5).

Maryland and Delaware. Mrs. Daman traveled from her Pennsylvania home to her temporary residence in Maryland where she would stay for three to four days at a time until her scheduled shifts ended for the week, at which point she would return home to Pennsylvania. Taxpayers submitted documentary evidence in support of Mrs. Daman's claimed unreimbursed employee business expenses which, according to the Board, included mileage logs, home office expense receipts, registered nurse license and education receipts, receipts for tolls and rental costs in Maryland, cell phone bills and miscellaneous expenses. Taxpayers claimed all of these expenses were incurred as necessary and reasonable costs of Mrs. Daman's employment in Maryland.[2] Taxpayers also submitted letters from both of Mrs. Daman's out-of-state employers indicating she was employed as a temporary or standby nurse and was not reimbursed for any expenses incurred in the course of her employment.

By decision dated October 30, 2013, the Board granted in part and denied in part Taxpayers' requested relief. Specifically, the Board found that Taxpayers submitted sufficient evidence to support an additional $832.00 in allowable unreimbursed employee business expenses related to Mrs. Daman's uniform and nursing education costs because these expenses were supported by specific payment verification and receipts. The Board denied other claimed expenses relating to Mrs. Daman's education and licensing for failure to provide receipts and verification of those costs.

---

[2] The Board noted that Taxpayers claimed $36,349 in unreimbursed expenses against Mrs. Daman's wages of $64,073, which represents approximately 57% of her total wages.

The Board also denied the vast majority of the claimed unreimbursed business expenses – which it summarized as travel costs from Pennsylvania to Maryland, temporary housing in Maryland, cell phone costs, cable and television costs and meal expenses – because they were personal in nature and Taxpayers failed to prove they were required as a condition of Mrs. Daman's employment. Therefore, the Board adjusted Taxpayers' account as follows:

| | |
|---|---|
| Gross Compensation | $ 85,333 |
| Unreimbursed Employee Expenses | $ 2,733 |
| Net Compensation | $ 82,600 |
| Interest | $ 41 |
| Taxable Income | $ 82,641 |
| Tax Liability | $ 2,537 |

After adjusting for tax withheld, resident credit and payment made, the Board ordered that Taxpayers' account be reassessed at a tax due of $1,089.00 plus penalties and interest. This appeal followed.[3]

Taxpayers argue that they are entitled to deduct from their taxable income all claimed unreimbursed employee business expenses because those expenses were necessary, reasonable and incurred in the actual performance of Mrs. Daman's work as a standby nurse in Maryland and Delaware. However, even after requesting and receiving numerous extensions of time, Taxpayers' brief is

---

[3] In appeals from decisions of the Board, our review is *de novo* because we function as a trial court even though such cases are heard in our appellate jurisdiction. *Glatfelter Pulpwood Company v. Commonwealth*, 19 A.3d 572, 576 n.3 (Pa. Cmwlth. 2011) (*en banc*), *aff'd*, 61 A.3d 993 (Pa. 2013).

severely deficient as it fails to contain an argument section or a conclusion stating the precise relief sought as required by Rule 2111 of the Pennsylvania Rules of Appellate Procedure,[4] and several other required sections of their brief are insufficient. As we have noted, "the Rules of Appellate Procedure relating to the form and content of briefs . . . are mandatory," *Lal v. Department of Transportation*, 755 A.2d 48, 52 (Pa. Cmwlth. 2000), *appeal denied*, 764 A.2d 1074 (Pa. 2000), and our rules "apply to lawyers and non-lawyers alike." *Busch v. Department of Transportation, Bureau of Driver Licensing*, 900 A.2d 992, 996 (Pa. Cmwlth. 2006), *appeal denied*, 911 A.2d 937 (Pa. 2006).

Importantly, Taxpayers fail to develop any of the five questions presented in their brief as required by Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure, which states:

> The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Nowhere in Taxpayers' brief do they discuss the three cases listed in their Table of Citations, nor do they develop *any* argument in support of

---

[4] Rule 2111 provides that a brief "shall consist of" certain matters, including: the statement of jurisdiction; order or other determination in question; statement of both the scope and standard of review; questions involved; statement of the case; summary of argument; argument; and conclusion stating the precise relief sought. Pa.R.A.P. 2111.

5

their appeal. The Summary of Argument section of their brief merely makes the legal conclusion that they are entitled to deduct all of their claimed expenses because they are necessary, reasonable and actually incurred in the performance of employment. This conclusory statement without development of an argument or citation to case law or supporting documentation is insufficient; therefore, we decline to address this issue. *See Boniella v. Commonwealth*, 958 A.2d 1069, 1072 n.8 (Pa. Cmwlth. 2008), *appeal denied*, 966 A.2d 551 (Pa. 2009). *See also Commonwealth v. Spontarelli*, 791 A.2d 1254, 1259 n.11 (Pa. Cmwlth. 2002) ("Mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter."); *Commonwealth v. Feineigle*, 690 A.2d 748, 751 n.5 (Pa. Cmwlth. 1997) ("When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof.").

Moreover, Taxpayers cannot prevail on the merits. In tax appeals such as this one, the Board does not certify a record to this Court. *See* Pa.R.A.P. 1571(f). Rather, "the petition for review shall be determined on the record made before the court," Pa.R.A.P. 1571(h)(2), which consists of the parties' joint Stipulation of Facts filed on November 14, 2016. Pa.R.A.P. 1571(f). The Board's decision indicates that Taxpayers submitted a packet of documentary evidence in support of their appeal. However, Taxpayers failed to submit any of this evidence to the Court and it is not part of the stipulated record; therefore, we cannot consider it. *Southern Pines Trucking v. Commonwealth*, 42 A.3d 1222, 1229 (Pa. Cmwlth. 2012) ("This Court is constrained to decide the issues based on the Stipulation as the only record created before it"), *aff'd,* 69 A.3d 235 (Pa. 2013). "It is well

6

established that the burden is on the taxpayer challenging the assessment to show that the tax has been improperly assessed, while the Commonwealth is not required to prove facts necessary to sustain the assessment." *Fiore v. Commonwealth*, 668 A.2d 1210, 1215 (Pa. Cmwlth. 1995), *exceptions denied*, 676 A.2d 723 (Pa. Cmwlth. 1996), *aff'd per curiam*, 690 A.2d 234 (Pa. 1997). Because the stipulated record here lacks any proof of Taxpayers' claimed unreimbursed employee business expenses, in the form of specific payment verification and receipts, Taxpayers cannot meet their burden of proving their tax liability was improperly assessed. *See Southern Pines Trucking*, 42 A.3d at 1229.[5]

---

[5] Even if we were to reach the merits of Taxpayers' petition and ignoring that they failed to provide this Court with any documentation to substantiate their claim that Mrs. Daman actually incurred certain tolls, housing costs, cell phone charges, cable bills and meals, Taxpayers have failed to establish that these costs were business expenses rather than Taxpayers' personal expenses. *See* 61 Pa. Code § 101.6(c)(5); *Williamson v. Commonwealth*, 525 A.2d 475, 477-78 (Pa. Cmwlth. 1987) (holding the term "actual expenses" in Section 301(d) of the Code, 72 P.S. § 7301(d), means business expenses as opposed to living expenses); *see also Commissioner of Internal Revenue v. Flowers*, 326 U.S. 465, 473-74 (1946) (holding that an ordinary and necessary business expense in the context of the Internal Revenue Code is one "incurred in the pursuit of the business of the taxpayer's employer. . . . The exigencies of business rather than the personal conveniences and necessities of the [taxpayer] must be the motivating factors."). Moreover, claiming a deduction for expenses totaling approximately 57% of one's total annual income hardly seems reasonable.

The expenses here would also not be business expenses under the federal tax code. Under 26 U.S.C. § 262, a taxpayer's costs of meals, lodging and traveling are considered personal expenses and are non-deductible. *See also* Treas. Reg. § 1.262–1(b)(5). However, 42 U.S.C. § 162(a)(2) permits deduction of such expenses if they were incurred "away from home in the pursuit of a trade or business." The term "home" within this "away from home" requirement is defined as where the taxpayer's principal place of business is located. *Weiberg v. Commissioner*, 639 F.2d 434, 437 (8th Cir. 1981). "When a taxpayer who maintains a residence in the vicinity of [the taxpayer's] principal place of employment is required to travel to a different location for temporary work, [the taxpayer] is considered to be 'away from home.'" *Michel v. Commissioner of Internal Revenue*, 629 F.2d 1071, 1073 (5th Cir. 1980). Where the taxpayer's employment in the new location results in employment lasting a substantial or an indefinite period of time, the taxpayer's "home" within section 162(a)(2) shifts to the new location. *See*
**(Footnote continued on next page…)**

Accordingly, Taxpayers' petition for review is quashed.

_____
DAN PELLEGRINI, Senior Judge

_____

**(continued…)**

*Curtis v. Commissioner of Internal Revenue*, 449 F.2d 225, 227–28 (5th Cir. 1971); *Jenkins v. Commissioner of Internal Revenue*, 418 F.2d 1292, 1293–94 (8th Cir. 1969). "The tax home moves regardless of whether the taxpayer maintains a personal or family residence near the former tax home. The job, not the taxpayer's pattern of living, is the crucial matter." *Ellwein v. United States*, 778 F.2d 506, 509-10 (8th Cir. 1985) (citations omitted). Expenses incurred by the taxpayer at the new employment location are not deductible under section 162(a)(2), because the expenses did not arise when the taxpayer was "away from home." Under these provisions, Mrs. Daman's tax home would be Maryland and she would not be entitled to deduct the expenses from her federal taxes.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark W. Daman and Valerie A.          :
Daman,                                 :
                    Petitioners        :
                                       :
            v.                         : No. 1009 F.R. 2013
                                       :
Commonwealth of Pennsylvania,          :
                    Respondent         :

# **O R D E R**

AND NOW, this 16th day of October, 2017, the petition for review in the above-captioned case is quashed. The parties have 30 days from the entry of this order in which to file exceptions. Pa. R.A.P. 1571(i).

_____
DAN PELLEGRINI, Senior Judge