Anastasi Brothers Corporation *v.* Commonwealth.

Argued April 2, 1973, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Herbert L. Olivieri,* with him *Nodler, Olivieri & Pitkow,* for appellant.

*Edward T. Baker,* Deputy Attorney General, for appellee.

Opinion by President Judge Bowman, June 13, 1973:

This is a tax appeal under Section 1104 of The Fiscal Code, Act of April 9, 1929, P. L. 343, as amended, 72 P.S. §1104, which mandates all such appeals to be heard de novo and proscribes any questions from being raised in an appeal ". . . which are not included in the specification of objections . . ." required to be filed in perfecting such an appeal.

The impact of this statutory mandate upon this appeal precludes any inquiry into its merits outside of the de novo record before us and requires us to dismiss the appeal notwithstanding possible merit to appellant's petition for refund of sales tax brought to our attention by matters contained in appellant's brief.

The origin of a disputed liability for sales tax in the amount of $2,104.35 lies in an audit by the taxing authorities of the records of the vendor of certain personal property sold to appellant during the period January 1, 1967, through November 30, 1969, incident to which sale the vendor had not collected a sales tax from appellant. Upon assessment for such tax liability, appellant's vendor paid the tax, appellant in turn paid the same amount to its vendor and filed with the Department of Revenue a petition for refund as assignee of the vendor's right thereto if the transaction in question were not subject to the sales tax. Before the Board of Review of that department and before the Board of Finance and Revenue for review of the action of the Board of Review in denying the petition for refund, it was appellant's position that it had purchased the personal property in question for use outside of Pennsylvania thus making the sale not subject to the tax under the decision of the Pennsylvania Supreme Court in *Commonwealth v. John W. Thompson Company,* 450 Pa. 5, 297 A. 2d 109 (1972). From the action of the Board of Finance and Revenue in sustaining the Board of Review this appeal was taken.

In perfecting its appeal, appellant filed its specification of objections asserting that (1) the action of the Board of Finance and Revenue was against the weight of the evidence; (2) its action was arbitrary and capricious; (3) appellant's evidence before the Board was sufficient to sustain its position; and (4) the taxing

authorities failed to meet their burden of proof necessary to sustain the tax assessment in question.

As tax appeals must be heard de novo by the court, the sufficiency or weight of the evidence presented before the administrative bodies is not an appealable issue. Appellant's first three assigned reasons are thus meaningless except perhaps in alerting the court and the taxing authorities to appellant's position that its proof to be presented at the de novo hearing will be sufficient to carry its burden.

Rather than having an evidentiary hearing the parties stipulated the record before this Court, a practice common to the majority of tax appeals. In doing so, appellant apparently believed that certain documentary evidence and oral testimony presented before the administrative review bodies is part of the record before this Court. Unfortunately this is not the case and the record before us is barren of any evidence which would support or tend to prove that the personal property in question was purchased by appellant for use outside of Pennsylvania. Hence, this crucial evidence upon which appellant's position is entirely dependent and revealed to us in its brief is not a part of the record and cannot be considered. *Commonwealth v. Yorktowne Paper Mills, Inc.*, 419 Pa. 363, 214 A. 2d 203 (1965). *Also see Commonwealth v. Bogus*, 88 Dauph. 94 (1967).

As to appellant's fourth specification of objections, it is well settled that the burden of proof as to one's entitlement to a refund of taxes is on he who seeks it. Section 545 of the Act of March 6, 1956, P. L. (1955) 1228, 72 P.S. §3403-545.*

Again, the record before us, being barren of any evidence disclosing an out of state destination of the per-

---

* Repealed by Section 280 of the Tax Reform Code of 1971, Act of March 4, 1971, P. L. 6, 72 P.S. §7280, and reenacted in Section 236, 72 P.S. §7236, therein.

sonal property against which the sales tax assessment was made, this objection is without merit. Only upon such proof could we reach the legal issue of the taxability of such sales, i.e., whether or not *Thompson, supra,* which dealt with a use tax, is applicable to similar sales tax situations.

Accordingly, we enter the following

### ORDER

Now, June 13, 1973, unless exceptions are filed within thirty (30) days of the date hereof, the appeal of Anastasi Brothers Corporation is hereby dismissed and the Chief Clerk is directed to enter judgment in favor of the Commonwealth.