Ohio Edison Company, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Pennsylvania Gas and Water Company, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Pennsylvania Power & Light Company, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

UGI Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Philadelphia Electric Company, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Pennsylvania Power Company, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Delmarva Power & Light Company, Petitioner *v.* Commonwealth of Pennsylvania, Harvey Bartle, Attorney General of the Commonwealth of Pennsylvania, Howard A. Cohen, Secretary of the Commonwealth of Pennsylvania, Respondents.

Pennsylvania Electric Company, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Metropolitan Edison Company, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Public Service Electric & Gas Company, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Jersey Central Power & Light Company, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Atlantic City Electric Company, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Allegheny County Steam Heating Company, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Duquesne Light Company, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Argued June 3, 1981, before President Judge CRUMLISH, JR. and Judges ROGERS, BLATT, MACPHAIL and PALLADINO.

*Albert J. Tomalis, Jr., Keefer, Wood, Allen and Rahal,* for petitioners, Ohio Edison Company, Pennsylvania Gas and Water Company, Pennsylvania Power Company, Pennsylvania Power and Light Company, UGI Corporation, and Philadelphia Electric Company.

*Robert R. Batt,* with him *Bonnie S. Brier, Ballard, Spahr, Andrews and Ingersoll,* for petitioner, Delmarva Power & Light Company.

*Harry J. Rubin, Krekstein, Rubin and Lasday,* for petitioners, Atlantic City Electric Company, Jersey Central Power & Light Company, Metropolitan Edison Company, Pennsylvania Electric Company, and Public Service Electric and Gas Company.

*Edward T. Baker, Reed, Smith, Shaw & McClay,* for petitioners, Allegheny County Steam Heating Company and Duquesne Light Company.

*Vincent J. Dopko,* Deputy Attorney General, for respondent, Commonwealth of Pennsylvania.

Opinion by President Judge Crumlish, Jr., December 10, 1982:

Fourteen public utility companies[1] have appealed from a "Notice and Certification" issued by the Secretary of Revenue. One company[2] has, in the alternative, sought review in our original jurisdiction. We deny the Commonwealth's motions to quash and sustain the preliminary objections directed to the petition in our original jurisdiction.[3]

In response to our Supreme Court's decision in *Commonwealth v. Philadelphia Electric Co.*, 472 Pa. 530, 372 A.2d 815 (1977), which concluded that certain previously-taxed realty of the utility companies was exempt from taxation, the utility companies filed numerous petitions for refund. The legislature then

---

[1] These fourteen cases were consolidated. The Petitioners are: Ohio Edison Company, Pennsylvania Gas and Water Company, Pennsylvania Power & Light Company, UGI Corporation, Philadelphia Electric Company, Pennsylvania Power Company, Delmarva Power & Light Company, Pennsylvania Electric Company, Metropolitan Edison Company, Public Service Electric & Gas Company, Jersey Central Power & Light Company, Atlantic City Electric Company, Allegheny County Steam Heating Company and Duquesne Light Company.

[2] Delmarva Power & Light Company has also filed an action in our original jurisdiction challenging the validity of this "Notice and Certification" under 42 Pa. C. S. §761. The rest of these actions were brought within our appellate jurisdiction, 42 Pa. C. S. §763(a).

[2] The preliminary objections to Delmarva Power & Light Company's petition in our original jurisdiction are based on assertions that Delmarva: (1) has failed to exhaust its administrative remedies; (2) that the determination of the Secretary of Revenue is not one that may be challenged; and (3) that the Commonwealth is immune from suit. We will sustain the Commonwealth's preliminary objections and dismiss Delmarva's suit in our original jurisdiction without prejudice, in that the requested relief sought will be granted by way of a remand for at least written questions and objections for the reasons set forth herein.

enacted Section 1103-A of the Public Utility Realty Tax Act (PURTA).[4] This Section provides in pertinent part:

> (d) On or before the first day of September, 1980, the department shall ascertain the total amount of all moneys refunded or credited to public utilities as a result of petitions for refund arising out of or supported by the interpretation of the definition of "utility realty" . . . as construed by the decision of the Supreme Court . . . together with the amount of potential refunds sought by public utilities in timely petitions which are pending before the board of finance and revenue arising out of or supported by said decision. Should the surtax imposed by this section produce an amount of revenue in excess of the total obligation of the Commonwealth ascertained in the manner herein stated, the Department of Revenue shall determine the nearest millage rate calculated to product [sic] the amount of said obligations, and shall reduce and recalculate the surtax paid the said utilities upon the basis of such adjustment, and shall notify each such utility of its reduced surtax liability. Each such utility shall then be entitled to apply for a cash refund or credit in the manner provided by law and regulation.

The Secretary of Revenue then calculated and determined in "Notice and Certification" published at 10 Pa. Bull. 3695 (1980), that:

> It appears therefrom that the surtax imposed by the aforesaid section 1103-A has, on

---

[4] Act of March 10, 1970, P.L. 168, *as amended*, 72 P.S. §3271, added by Act of July 4, 1979, P.L. 60, 72 P.S. §8103-A.

the date of this certification, failed to produce an amount of revenue in excess of the total obligation of the Commonwealth ascertained in the manner provided by law; accordingly, no reduction or recalculation of the surtax shall be made.

It is this determination by the Secretary of Revenue that is being contested by the utility companies. The basic assertions made by the petitioners are that the tax is unconstitutional; that publication of this "Notice and Certification" without notice or hearing was a violation of the Administrative Agency Law and their due process rights; and that the "Notice and Certification" constituted a final and appealable order.

The Department of Revenue (DOR) has filed motions to quash and preliminary objections, asserting that the utilities have failed to follow the statutory remedies available to them. DOR asserts that a challenge to this calculation should have been made by way of the refund provisions of the Fiscal Code.[5] The utilities, however, contend that the explicit language of the provision imposing the surtax bars them from proceeding under these provisions.

The Statutory Construction Act requires us to strictly interpret provisions imposing taxes. 1 Pa. C. S. §1928(b)(3). Here, we agree with the utilities' assertion that Section 1103-A precludes them from filing for a refund absent a determination by DOR that the surtax produced revenue in excess of the total obligation of the Commonwealth. This statute clearly contains four prerequisites to the filing of a refund petition: (1) a determination by DOR of excess surtax revenue; (2) a recalculation of the millage

---

[5] Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. §503.

rate; (3) reduction and recalculation of the surtax of each utility and (4) notification to each utility of its reduced surtax liability. Section 1103-A further provides that: "Each such utility shall *then* be entitled to apply for a cash refund or credit. . . . (Emphasis added.) Thus, the statutory language itself explicitly bars the utilities from filing for refunds once the Secretary issued the "Notice and Certification" that is at issue here,[6] *i.e.*, that the obligation of the Commonwealth was in excess of the amount of revenue produced by this surtax.

Based on this language, the utilities assert that, because they are precluded from challenging the calculations made by the Secretary by way of the refund provisions of the Fiscal Code, that this "Notice and Certification," without prior notice or hearing, constituted a violation of their due process rights or in the alternative a violation of the Administrative Agency Law. They argue that they are entitled to a remand for a hearing to ascertain the manner in which these calculations were made by the DOR.[7]

In *Pennsylvania Coal Mining Association v. Insurance Department*, 471 Pa. 437, 370 A.2d 685 (1977),

---

[6] We also note that the burden of proof in a refund petition is on the taxpayer. *See Anastasi Brothers Corp. v. Commonwealth*, 9 Pa. Commonwealth Ct. 288, 305 A.2d 738 (1973), *aff'd*, 455 Pa. 127, 315 A.2d 267 (1974). Here, the utilities assert they have no information on which to base a refund petition because they have been unable to ascertain the manner in which the Secretary's calculations were made.

[7] Appendix A to the "Notice" and Certification contained final figures in three areas: (1) Admitted Surtax Liabilities as of September 1, 1980 of $176,683,025; (2) Total Revenues Produced as of September 1, 1980 of $135,189,914; and (3) Refunds and Credits Paid and Payable of $149,936,953. Thus, the DOR concluded that the Refunds Paid and Payable exceeded the Ttotal Revenue Produced by $14,747,039.

our Supreme Court set aside black lung insurance rates for failure to provide adequate notice or an opportunity to be heard before the rates became effective. The Court wrote that:

> We do not believe, however, that due process requires that the Association receive a full hearing before rates can become effective. While oral proceedings may be necessary for determinations likely to turn on witness credibility, written submissions may be adequate when economic or statistical questions are at issue. (Footnote omitted.)

*Id.* at 454, 370 A.2d at 693.[8]

In reaching this conclusion, the Court noted that a balancing test must be applied. "We must deter-

---

[8] The DOR asserts that the provisions of the Administrative Agency Law are inapplicable to proceedings before the DOR. 2 Pa. C. S. §501 provides:

> (b) Exception.—None of the provisions of this subchapter shall apply to:
>
> (1) Proceedings before the Department of Revenue, Auditor General or Board of Finance and Revenue, involving the original settlement, assessment or determination or resettlement, reassessment or redetermination, review or refund of taxes, interest or payments made into the Commonwealth treasury.

However, we conclude that this provision is inapplicable to this particular situation. This particular action involves no assessment, reassessment, review or refund or taxes, etc. Instead, the issue sought to be resolved is the particular manner in which the amount of the Commonwealth's obligation and the amount of money obtained by this surtax were calculated. It is after receiving the necessary opportunity to ascertain if the calculations were correct that, should the utilities seek a refund, this section would come into play. However, we conclude that the provisions of the Administrative Agency Law are inapplicable at this stage of this case because the utilities were not *parties to any proceeding below. See Pennsylvania Coal Mining Association*, 471 Pa. at 454, n. 16, 370 A.2d at 693, n. 16.

mine the private interest at stake, the value of any additional procedural safeguards, and the government's interest in proceeding without providing such procedures." *Id.* at 450, 370 A.2d at 691.

The utilities assert that they and their customers are adversely affected by this determination. They seek only[9] a remand so that they may ascertain if the determination was correct. They assert that they do not have available to them all of the statistics necessary by which to make this review.[10] Their main grievance is that they received no notice nor opportunity to be heard.

Because the DOR has presented no strong reason why the government's interests required that this determination should have been made without notice or opportunity to be heard by the affected utilities, we conclude that some type of minimal due process is required to protect the utilities' due process rights. Without an opportunity to at least submit questions and written objections to the calculation of this surtax, the utilities were precluded from receiving even a modicum of due process rights.

The motions to quash are denied and the preliminary objections sustained, and we remand these cases for proceedings consistent with this opinion.

---

[9] In their brief to this Court, they assert that they are only seeking a remand, however, most of the utilities also have made constitutional challenges to the retroactive effect of this surtax provision and its alleged attempt to abrogate the *holding* of our Supreme Court in the *Philadelphia Electric Company* decision.

[10] We note that, although it is apparent that each utility is aware of its own surtax liability, it is the final figures issued by the DOR, with no breakdown by category, that leave the utilities without the necessary information with which to determine the correctness of the determination that the Commonwealth has an obligation in excess of the surtax collected.

ORDER

The Commonwealth's motions to quash are denied and the preliminary objections to Delmarva Power and Light Company's petition directed to our original jurisdiction are sustained. Delmarva Power and Light Company's petition for review addressed to our original jurisdiction is dismissed without prejudice. The petitions addressed to our appellate jurisdiction are remanded for proceedings consistent with this opinion.

Judges MENCER and PALLADINO did not participate in the decision in this case.

Judge MACPHAIL concurs in the result only.

---

CONCURRING OPINION BY JUDGE BLATT:

Although I agree that a remand is required here, I do not agree with the majority that the constitutional due process issue need be addressed. I believe that the determination by the Secretary of Revenue was an invalid adjudication in violation of Section 504 of the Administrative Agency Law, 2 Pa. C. S. §504, and I would remand on this basis noting *Hardee's Food Systems, Inc. v. Department of Transportation,* 495 Pa. 514, 434 A.2d 1209 (1981); and *Callahan v. Pennsylvania State Police,* 494 Pa. 461, 431 A.2d 946 (1981). Our failure to note these cases might lead to confusion and misinterpretation.