516 A.2d 434

Biosciences Information Service, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Biosciences Information Service, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Argued April 9, 1985, before Judges CRAIG and COLINS, and Senior Judge KALISH, sitting as a panel of three. Reargued November 13, 1985, before President Judge CRUMLISH, JR., and Judges ROGERS, CRAIG, MAC-PHAIL, DOYLE, COLINS and PALLADINO.

*Morris R. Brooke, Drinker, Biddle & Reath,* for petitioner.

*Bartholomew J. DeLuca, Jr.,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY SENIOR JUDGE KALISH, October 21, 1986:

Biosciences Information Service (BIOSIS) petitions for review of two orders of the Board of Finance and Revenue (Board) which affirmed use tax assessments made by the Department of Revenue (Department) for two tax audit periods.[1] In our opinion dated July 12, 1985, we affirmed the Board's orders. BIOSIS filed exceptions, challenging our findings of fact, our failure to make findings of fact, and our conclusions of law. Following reargument before this Court en banc, this Court sustained BIOSIS' exceptions, and ordered that we issue a new opinion including findings of fact, based on the record, to resolve the legal issues involved.

An appeal from the Board is *de novo* in this Court. Pursuant to Pa. R.A.P. 1571(f), no record is certified by the Board, and a record is made in this Court. In this case, the parties submitted a partial stipulation of facts. Additionally, an evidentiary hearing was held on November 14, 1984. Based upon the stipulation and our review of the evidence, we make the following findings of fact:

## FINDINGS OF FACT

1. BIOSIS is a nonprofit corporation organized under the laws of the District of Columbia, with its headquarters located at 21st and Arch Streets, Philadelphia, Pennsylvania.

2. BIOSIS obtains and abstracts biological sciences literature from around the world. The abstracts are compiled and indexed into manuscripts, then bound and delivered to interested institutions and individuals.

---

[1] Two assessments were made by the Department of Revenue, and two appeals were taken to this Court. By this Court's order dated December 19, 1984, the cases were consolidated.

3. BIOSIS receives, free of charge, publications from around the world dealing with the biological sciences. Many scientists donate their services to BIOSIS.

4. BIOSIS publishes reference data and maintains the data as part of its permanent library. Additionally, BIOSIS performs searches of the library upon request.

5. Subscribers to BIOSIS publications include government agencies, medical schools, research laboratories, hospitals and individual doctors.

6. BIOSIS charges for its publications, and for computerized searches of its library.

7. BIOSIS also conducts meetings and seminars designed to educate the public regarding the availability and use of reference data in the fields of biological science. BIOSIS does not charge for these seminars.

8. BIOSIS does no research or testing of its own, nor does it write any of the articles which it compiles.

9. The fee charged by BIOSIS for its publications is approximate to the actual costs incurred by BIOSIS to compile the periodicals.

10. During three of the four full years BIOSIS was audited, BIOSIS accumulated a profit. In 1974, BIOSIS' excess revenues over expenses was $437,118. In 1976, BIOSIS' excess revenues over expenses was $56,915. In 1977, BIOSIS' excess revenues over expenses was $712,146.

11. The Department audited BIOSIS for the periods from January 1, 1974 through October 31, 1977, and from January 1, 1975 through 1978. As a result, BIOSIS was issued tax assessments in the amounts of $196,278.05 and $97,888.03. These assessments related to BIOSIS' purchase of office equipment and materials such as copiers, typewriters, computers and maintenance items.

12. BIOSIS filed timely petitions with the Board of Appeals of the Department, contesting the assess-

ments. The Board of Appeals reassessed BIOSIS' use tax liability for the period from January 1, 1974 through October 30, 1977 to $163,232.47. The assessment for the period from January 1, 1975 through June 30, 1978 was reduced to $96,897.51.

13. BIOSIS filed timely petitions for review with the Board of Finance and Revenue, again contesting the assessments.

14. The Board of Finance and Revenue affirmed the assessments.

15. BIOSIS filed timely petitions for review with this Court from the orders of the Board of Finance and Revenue for each of the two audit periods.

## DISCUSSION

BIOSIS challenges the two tax assessments on the ground that it is a purely public charity, and thereby entitled to a sales and use tax exclusion. Any organization seeking a tax exemption bears the burden of proving that it is entitled to the exemption. *Anastasi Brothers Corp. v. Commonwealth,* 455 Pa. 127, 315 A.2d 267 (1974).

Section 204(10) of the Tax Reform Code of 1971 (Code), Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §7204(10) (Supp. 1984-85), provides in pertinent part:

Exclusions from tax

The tax imposed by section 202 shall not be imposed upon

. . .

10) The sale at retail to or use by (i) any charitable organization. . . .

In *Hospital Utilization Project v. Commonwealth (HUP),* 507 Pa. 1, 487 A.2d 1306 (1985), a purely public charity was defined as an entity which:

(a) Advances a charitable purpose;

(b)   Donates or renders gratuitously a substantial portion of its services;

(c)   Benefits a substantial and indefinite class of persons who are legitimate subjects of charity;

(d)   Relieves the government of some of its burden; and

(e)   Operates entirely free from private profit motive.

*Id.* at 22, 487 A.2d at 1317.

BIOSIS' stated purpose is "[t]o advance and further the increase, dissemination and use of the knowledge, principles and techniques involved in theoretical and applied biology. . . ." While this purpose is admirable, it is not a charitable purpose because its beneficiaries are fee-paying clients, not the public-at-large. *Hill School Tax Exemption Case,* 370 Pa. 21, 87 A.2d 259 (1952).

Moreover, BIOSIS does not donate a substantial portion of its services. The periodicals published by BIOSIS are not gifts for general public use. Although BIOSIS' publications are made possible through donations of articles by persons in the scientific community, BIOSIS' clients must pay a fee for the service BIOSIS provides. BIOSIS charges for computer searches of its library, and for subscriptions to its publications.

Our review of the record indicates that the beneficiaries of BIOSIS are not a substantial and indefinite class of persons who are legitimate subjects of charity. The beneficiaries of BIOSIS are primarily various organizations who subscribe to BIOSIS' periodicals, and request searches of its library. These organizations include agencies of the United States government, universities and hospitals. Universities and research laboratories are administrative entities and not legitimate objects of charity. *HUP,* 507 Pa. at 22, 487 A.2d at 1317.

Furthermore, we do not believe that BIOSIS relieves the government of some of its burden. BIOSIS argues that this case is similar to *American Society for Testing and Materials v. Board of Revision of Taxes (ASTM)*, 423 Pa. 530, 225 A.2d 557 (1967), where our Supreme Court held that the ASTM, an engineering society, was a tax-exempt entity under section 204 of the Code, 72 P.S. §7204. There, the record included testimony that without the ASTM, the government would have to ensure that a similar organization existed, and perhaps fund that organization.

In the instant case, there was testimony that BIOSIS is the only organization that accumulates, indexes and abstracts information dealing with the entire spectrum of the biological sciences. However, there was also testimony that there are many other services that abstract and index information relating to biological sciences. Moreover, in *ASTM,* the Society conducted special research projects and tests, and developed methods of testing materials. *ASTM,* 423 Pa. at 533, 225 A.2d at 559. BIOSIS, on the other hand, conducts no projects, tests or research itself. Rather, BIOSIS compiles, indexes and abstracts the work of others.

Lastly, BIOSIS does not operate entirely free from private profit motive. In 1974, 1976 and 1977, three of the four full years BIOSIS was audited, BIOSIS made a profit. BIOSIS uniformly charges for its publications and library searches. In *ASTM,* the record unequivocally established that the ASTM was not operated for profit. There, our Supreme Court noted:

> Although its members donate to the organization, those donations do not even pay for the publications gotten out by the society. For instance, the 32-volume Book of Standards, representing a billion and a half dollars of scientific time and research and which can be purchased

by anyone, whether a member of the society or not, is sold for less than it costs the society to print it. All lectures, paper discussions, seminars and symposia of the society are open to the public without charge. In 1964 the society's operations resulted in a net loss to the society of $180,000, in 1965 the net loss was estimated at $110,000.

*ASTM*, 423 Pa. at 535-36, 225 A.2d at 560. Here, the fees charged by BIOSIS for its publications are approximate to the actual costs it incurs.

We therefore conclude that BIOSIS does not meet the criteria set forth in *HUP*, and is not entitled to tax-exempt status as a purely public charity. Accordingly, we will affirm the Board. However, the parties have stipulated that should this Court rule that BIOSIS is not a charitable organization, it should order that the assessments be reduced by an amount agreeable to the parties, to reflect the exemption available to BIOSIS as a publisher. Accordingly, we will remand this case for a reexamination of the two assessments.

CONCLUSION OF LAW

BIOSIS is not a purely public charity, and therefore is not entitled to tax-exempt status under section 204(10) of the Code, 72 P.S. §7204(10).

ORDER

NOW, October 21, 1986, the orders of the Board of Finance and Revenue, in the above-captioned matters, dated June 25, 1980, are affirmed. This matter is remanded to the Board of Finance and Revenue for a reexamination of the two assessments in light of the parties' agreement that a portion of each of the two assessments may be stricken to reflect the exemption available to BIOSIS for its publishing activities. Excep-

tions may be filed by any party within thirty (30) days of the date of the entry of this Order.

Jurisdiction retained.