**SOUTHERN PINES TRUCKING,**
Petitioner

v.

**COMMONWEALTH of Pennsylvania,**
Respondent.

Commonwealth Court of Pennsylvania.

Argued March 12, 2012.
Decided May 2, 2012.

---

Charles L. Potter, Pittsburgh, for peti-
tioner.

Clinton G. Smith, Jr., Senior Deputy Attorney General, Harrisburg, for respondent.

BEFORE: SIMPSON, Judge, and McCULLOUGH, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge SIMPSON.

Southern Pines Trucking (Taxpayer) contests the interest amount calculated by the Department of Revenue (Department) on a Notice of Determination of fuel tax due under the Motor Carriers Road Tax Act [1] based on Taxpayer's reporting pursuant to its International Fuel Tax Agreement (IFTA) [2] license. Taxpayer argued that the interest on its credits should be offset against interest on its tax liability, regardless of the jurisdiction in which taxes were due. The Board of Finance and Revenue (Board) affirmed the Department Board of Appeals' determination that the interest assessed was properly calculated. Taxpayer appeals that order to this Court. Upon *de novo* review, we affirm.

**Background**

Taxpayer is an interstate trucking company engaged in flatbed transportation. As an IFTA member, Pennsylvania licenses entities, like Taxpayer, which operate in multiple jurisdictions and report their fuel use taxes to Pennsylvania as the base jurisdiction pursuant to the Motor Carrier Road Tax Act (Act). The tax is imposed based on the amount of fuel used in a licensee's operations on state highways. The reporting covers each jurisdiction in which qualifying vehicles travel. The De-partment is charged with collecting and distributing the tax due to other member jurisdictions, and it audits licensees for compliance. IFTA governing documents include the Articles of Agreement, which incorporate the Audit Manual and the Procedure Manual, and apply to all 50 member jurisdictions.

The Department conducted an IFTA Road Tax audit of Taxpayer for the period from January 1, 2002 to September 30, 2006 (Audit). The Audit concluded that Taxpayer's mileage and fuel records maintained for IFTA tax reporting did not contain all data required by the Act. As a result of the Audit, the Department issued a Notice of Determination of taxes due relating to Taxpayer's reporting. The Notice set forth a net tax deficiency [3] in the amount of $17,840.25, plus interest of $18,615.24 (computed on the pre-credit amount of $83,918.19) for a total assessment of $36,455.49. The Notice of Determination identified overpayments and underpayments by jurisdiction and in summary form.

Taxpayer appealed the assessment. In its appeal to the Department's Board of Appeals, Taxpayer contested how the interest was computed, asserting that it was charged interest in jurisdictions where tax was underpaid, but it was not given credit for interest where tax was overpaid. Taxpayer did not contest the assessed tax deficiency. *See* Bd. of Appeals Dec. at 1. Taxpayer also contended the Department failed to provide documentation to support its interest calculation. Although Taxpay-

---

1. Act of July 13, 1987, P.L. 303, 75 Pa.C.S. §§ 9601–9622.

2. IFTA is a multi-jurisdictional agreement relating to the mutual administration of fuel usage taxes applicable to entities operating heavy trucks (mostly over 26,000 pounds). Membership in IFTA was required by 49 U.S.C. § 31705.

3. The Department credited $66,077.94 to Taxpayer for unreported fuel tax paid to reach the net deficiency, thus creating the disparity between the tax deficiency and interest assessed.

er requested a hearing, it declined to appear.

The Board of Appeals determined the Bureau of Motor Fuel Taxes gave Taxpayer a detailed explanation of interest calculations for each jurisdiction. As to Taxpayer's claim for interest on overpayments, the Board of Appeals cited IFTA Article R1230 as the pertinent provision. Section R1230 provides:

> the base jurisdiction, for itself and on behalf of the other jurisdictions, shall assess interest on all delinquent taxes due each jurisdiction except taxes collected directly by other jurisdictions in accordance with IFTA Procedures Manual Sections P1000 and P1120.300.

IFTA Art. XII, Sec. R1230. Section R1230 further provides:

> *Interest due shall be calculated separately for each jurisdiction* from the date the tax was due for each month or fraction thereof until paid.

IFTA Art. XII, Sec. R1230.300.005 (emphasis added).

The Board of Appeals explained that IFTA Article XI, Section R1150 provides that refunds properly due shall be paid within 90 days after receipt of a refund request from a licensee, and interest shall accrue at the rate of one percent per month from the date the refund was due. However, as the credits here were established by an IFTA audit, and not by Taxpayer's refund request, the Department lacked authority to calculate interest on the tax credits found in the Audit.

Taxpayer timely appealed the decision to the Board.

On April 23, 2008, the Board issued an order affirming the Board of Appeals. The Board noted Taxpayer's appeal contested only the calculation of interest, not the tax deficiency. However, the Board stated as one of the issues before it: "Whether [Taxpayer] is entitled to a reduction of the [IFTA] road tax assessed, where that issue was not raised at the Board of Appeals." Bd. Dec. at 1. As to the tax deficiency, the Board stated "[Taxpayer] asserts that it is in disagreement with the tax deficiency and will provide additional documentation at the hearing to refute [it]." *Id.* at 2. Taxpayer did not submit documentation.

Regarding the Audit, the Board explained that while mileage records and individual fuel purchase receipts were maintained, they were not used to determine the miles traveled and the fuel purchased and reported each quarter. The Audit also found that the odometer readings were not maintained or used by Taxpayer to compute total miles on the returns, and that Taxpayer did not keep required data. The Board noted Taxpayer's noncompliance with record-keeping requirements.

Upon review of IFTA Articles at Sections R1230 and R1150, the Board concluded the Board of Appeals reached the right result on the interest calculation. The Board agreed the Department properly assessed interest without offsetting overpayments and deficiencies among jurisdictions. Article XI, Section R1150 pertains to interest only in connection with licensee requested refunds of taxes. The Board emphasized that any tax credits here were established by the IFTA audit, not the result of Taxpayer's refund request under Section 1150. The Board therefore concluded Taxpayer was not entitled to receive interest on credits found in the audit. The Board held it had no authority to abate interest properly calculated. The Board also advised it could not address any issues raised as to the tax deficiency because Taxpayer did not challenge the issue to the Board of Appeals.

Taxpayer petitioned this Court for review of the Board's Order on May 7, 2008. In its petition, Taxpayer asserts it is not

subject to the Motor Carrier Road Tax (Tax) and should not have been assessed interest on the Tax. Taxpayer states several general challenges to the constitutionality of the Commonwealth's actions,[4] including that it was deprived of its property without due process of law and that the administrative decisions failed to conform to the authorizing statute.

After seeking a number of extensions, and this Court's order advising the matter would be dismissed absent a showing of cause, the parties filed a Stipulation of Facts on December 19, 2011 (Stipulation). The Stipulation, together with its exhibits, including the Audit, comprise the record before this Court.

The parties stipulated as follows:

The Department issued Taxpayer an IFTA license, pursuant to which Taxpayer filed quarterly tax reports regarding highway use taxes to Pennsylvania, its base jurisdiction. The reporting covers each jurisdiction in which Taxpayer's qualifying vehicles travel. The Department is responsible for collecting and distributing the tax due to other member jurisdictions, and for audit compliance. Stipulation ¶ 4.

During the period audited, Taxpayer reported the miles traveled and the consumption of fuel in each member jurisdiction in which qualifying vehicles traveled and claimed credit for tax paid on fuel purchased in the jurisdictions where purchases were made. Stipulation ¶ 5.

The Department audited Taxpayer's reports for the audit period January 1, 2002 through September 30, 2006. The Department issued a Notice of Determination finding taxes due in the amount of $17,840.25, and interest due in the amount of $18,615.24. Stipulation ¶ 3.

When an overpayment of fuel tax is reported in a single jurisdiction by a carrier (tax paid on all purchases in one jurisdiction in a reporting period exceeds tax due from consumption of fuel in that jurisdiction for the same period) the taxpayer is allowed on the report to net the difference between overpaid and underpaid jurisdictions and remit the net amount to the Department for all travel. If the total amount due in any single jurisdiction is a credit, the Department adjusts that jurisdiction's quarterly payment, derived from all carrier reports for that jurisdiction in that quarter. Stipulation ¶ 6.

Taxpayer would testify that the interest on overpayments should be credited towards the interest on underpayments for the audit period. Stipulation ¶ 11. Commonwealth witnesses would testify that the calculation of interest complies with Sections R1230 and R1150 of IFTA in part because IFTA treats the payment of interest due the jurisdictions on taxpayer underpayments differently than it treats interest payable by jurisdiction for overpayments. All overpayments found in the Audit were determined and applied within the 60 days contemplated by R1150. Stipulation ¶ 12.

Regarding the issue on appeal, the Stipulation provides: "Taxpayer contests the interest amount calculated by [the Department] ..." Stipulation ¶ 3. The Stipulation does not indicate that Taxpayer intended to submit evidence to support any alleged improper calculation of the tax (as opposed to the interest) assessment.

In its brief, Taxpayer primarily challenges the auditor's approach in reaching the tax due, alleging it results in double

---

4. As Taxpayer did not specify any Commonwealth actions, we are left to assume the challenged actions include the Audit and the decisions by the Board and Board of Appeals.

taxation because Taxpayer allegedly paid all applicable taxes when its owner-operators purchased the fuel. Pet'r's Br. at 11–13. As to interest due, Taxpayer asserts in a single uncited sentence that Section R1230 "requires that interest be calculated on both the overpayments and underpayments." Pet'r's Br. at 13.

## Discussion

This dispute involves interpreting IFTA Section R1230 and whether, in calculating interest due, the Department must consider interest on overpayments as well as on underpayments. Taxpayer asserts for the first time on appeal that the Department should have used audit data to estimate taxes paid on unreported miles, and that it is entitled to reduced tax liability using such an estimate.

Appeals from the Board are governed by Pennsylvania Rules of Appellate Procedure 1571 and 1551. A question will be heard if it was raised at any stage of the administrative proceedings and thereafter preserved as stated in Pa. R.A.P. 1571(h). *House of Lloyd v. Commonwealth*, 684 A.2d 213 (Pa.Cmwlth.1996). Pursuant to Pa. R.A.P. 1571(c), the petition for review need only contain a general statement of objections to the order appealed.

 This Court is authorized to review decisions by the Board on the record made before the Court and the parties' stipulation of facts.[5] *Id.* The Stipulation is thus binding on the parties and the Court, but the Court may draw its own legal conclusions. *Kelleher v. Commonwealth*, 704 A.2d 729 (Pa.Cmwlth.1997).

 Taxpayer asserts a number of arguments in its petition for review,[6] all un-der the general objection that "it is not subject to the Pennsylvania Motor Carrier Road Tax as assessed." Pet. for Review ¶ 5. Taxpayer challenges the interest assessed and avers entitlement to have the assessment of interest stricken. Taxpayer did not refer to an entitlement to tax credit for fuel tax paid in its petition for review.

In its brief, Taxpayer essentially seeks a credit for fuel taxes allegedly paid at the time of purchase for the trips for which it lacked trip reports and fuel receipts for all miles driven. Taxpayer asserts the auditors determined its tax liability by assuming the fuel consumed in these *unreported* miles was untaxed when the tax was paid at the time of purchase. Taxpayer argues the auditor's approach permits the Commonwealth to collect tax twice on the same fuel, when purchased and again at audit. Taxpayer contends the auditors had sufficient records (of miles driven by state, fuel purchases by state, and miles per gallon) to obtain a sampling of fuel use and purchases to estimate the amount of taxes paid at the time of purchase.

Taxpayer argues that since Section A530 of IFTA's Audit Manual requires that all audits employ sampling to arrive at audit results, a sampling should have been used to arrive at its fuel tax credits rather than strict proof of the credits. Had the auditors used such a sampling methodology, Taxpayer asserts that it would have no tax deficiency, and owe no taxes or interest.

The Commonwealth contends Taxpayer waived the argument regarding the tax deficiency because it did not dispute the calculation of taxes due, and it failed to

---

**5.** This Court is entitled to the broadest scope of review; our standard of review is de novo because we function as a trial court even though such cases are heard in our appellate jurisdiction. *Glatfelter Pulpwood Co. v. Commonwealth*, 19 A.3d 572 (Pa.Cmwlth.2011), *appeal pending* at (Pa., No. 62 MAP 2011, filed June 24, 2011).

**6.** Taxpayer also sought relief and attorney fees under 42 U.S.C. § 1983 and § 1988.

claim a credit for fuel taxes allegedly paid at any time during the administrative proceedings. The Commonwealth argues that Taxpayer failed to follow 75 Pa.C.S. § 9616, requiring a petitioner to "state specifically the reasons which the petitioner believes entitle him to the redetermination." The Commonwealth also asserts the argument is waived because it had no notice that Taxpayer intended to dispute the tax deficiency on appeal. In addition, the Commonwealth argues Taxpayer failed to adequately brief the issues.

On the merits, the Commonwealth relies on this Court's recent decision in *R & R Express v. Commonwealth,* 37 A.3d 46 (Pa. Cmwlth.2012). The Commonwealth explains that Taxpayer did not keep records to establish credits allegedly due, and that it did not submit any records on appeal to substantiate its claimed credits arising at purchase of fuel.

The Commonwealth contends the Department has no authority to create credits that are not substantiated by the records required by IFTA and the Act. The auditors followed the IFTA Audit and Procedures Manual when calculating the credits since the requisite records were absent. The Commonwealth notes that estimates from samplings would not give the Department sufficient information to determine which of the 50 jurisdictions received taxes paid, which is crucial because interest cannot be credited across jurisdictions.

AS to Taxpayer's allegations of double taxation, the Commonwealth argues the tax at the pump is a tax on the fuel sale, paid by the seller and passed on to a consumer. In contrast, the tax assessed by the Department is for fuel consumption, paid by the licensee with qualified vehicles. While IFTA and the Act attempt to offset any alleged inequity by permitting a credit for tax paid on purchases, those credits must be proven with documentation required by all IFTA members.

### 1. Waiver as to Alleged Credits Due

Under Pa. R.A.P. 1571, any issue raised at any level of the administrative proceedings, and thereafter preserved, is properly before this Court if set forth in the petition for review. Pursuant to Pa. R.A.P. 1571(c), the petition for review need only contain a general statement of objections to the order appealed. Here, the Commonwealth concedes Taxpayer raised a "general disagreement" with the tax deficiency before the Board. Bd. Dec. at 2. Therefore, Taxpayer raised a challenge to the tax deficiency below.

■ However, to adequately preserve an issue, a petitioner needs to place the respondent on notice of the issues raised. There is nothing before this Court to suggest that Taxpayer asserted entitlement for a credit on fuel tax paid, in order to reduce its tax deficiency, before filing its brief. While Rule 1571(c) provides a petition for review need only contain a general statement of objections, rules applicable to all pleadings remain in full effect, necessitating some level of detail as to the legal issues. *Tyson v. Commonwealth,* 684 A.2d 246 (Pa.Cmwlth.1996).

■ Even had Taxpayer generally raised the tax deficiency in its petition, Taxpayer did not place the Commonwealth on notice that it intended to challenge the auditor's method of crediting fuel tax paid. In short, it did not adequately plead the issue. Indeed, Taxpayer's petition does not refer to any entitlement to reduced tax liability due to a credit for fuel taxes paid. To find the petition sufficient under Rule 1571 would permit any general objection to "tax assessed" to proceed to litigation, despite lack of notice to the Commonwealth as to the reasons for challenging the tax assessed. *House of Lloyd.* As conceivably every petitioner appealing from the Board generally objects to taxes assessed, more detail is necessary to ensure due

process. *Id.* We thus hold the issue is waived.

■ Moreover, Taxpayer cannot prevail on the merits. This Court is constrained to decide the issues based on the Stipulation as the only record created before it. *Scott Elec. Co. v. Commonwealth,* 692 A.2d 289 (Pa.Cmwlth.1997), *exceptions dismissed,* 704 A.2d 205 (Pa.Cmwlth.1998). Here, there is no stipulation to any documentation to prove the alleged double taxation. IFTA and the Act specify the proof necessary to establish entitlement to credits, which is extensive. *See* 75 Pa.C.S. § 9604; 61 Pa.Code § 313.14. Taxpayer admittedly did not keep records in accordance with the Act and applicable regulations.[7] Because the stipulated record lacks proof of payment of taxes at the pump, or establishing entitlement to credits on that basis, Taxpayer cannot show its tax liability was not properly assessed. *R & R Express.*

■ Taxpayer bears the burden of demonstrating that the tax was improperly assessed. *Fiore v. Commonwealth,* 668 A.2d 1210 (Pa.Cmwlth.1995), *aff'd,* 547 Pa. 357, 690 A.2d 234 (1997). As we recently held in *R & R Express,*[8] a taxpayer that was audited and found to have a tax deficiency cannot obtain credit for taxes paid on fuel purchased at retail, where it failed to provide adequate documentation of fuel purchased.

As to credits for fuel taxes paid, IFTA and the Act clearly require evidence to substantiate any credits claimed.[9] *See* 75 Pa.C.S. § 9604. IFTA requires the licensee to retain supporting paperwork, such as a receipt, invoice, credit card receipt, or transaction listing, showing evidence of the purchase and the amount of tax paid. *See* IFTA Art. X, Sec. R1000.

■ Taxpayer is required to maintain complete records of the fuel purchased, and prove any entitlement to credits for taxes paid with those records. As it lacks the requisite records, Taxpayer submits Department auditors should have estimated fuel use based on a sampling. We decidedly rejected this argument in *R & R Express,* finding it directly contrary to IFTA and the Act explaining:

> [w]hile Taxpayer's approach, that of using available information and audit techniques to arrive at an estimate of taxes paid on fuel consumed, has a logical appeal, it is completely contrary to the tax scheme established by the Act and IFTA [which] require detailed record-keeping.

37 A.3d at 51. We also held the auditors' methods do not result in double taxation.

7. With respect to record-keeping, the Act requires motor carriers like Taxpayer to:

> keep such records, in such form as the department reasonably may prescribe, as will enable the carrier to report and enable the department to determine the total number of miles traveled by its entire fleet of qualified motor vehicles, the total number of miles traveled in this Commonwealth by the entire fleet, the total number of gallons of motor fuel used by the entire fleet and the total number of gallons of motor fuel purchased in this Commonwealth for the entire fleet....

75 Pa.C.S. § 9610; *see also* 61 Pa.Code §§ 313.12, 313.13 (requiring carriers to keep satisfactory records of miles traveled both in and out of state and fuel used in and out of the state).

8. Counsel for Taxpayer in this case also represented the taxpayer in *R & R Express.*

9. Regulations provide evidence to substantiate a credit:

> ... shall consist of invoices of the vendor of the [fuel] which shall show the name and address of the motor carrier, the point of delivery, the date of each sale, the number of gallons of each sale, the total monetary value of each sale, and the license number[/]unit number of the motor vehicle....

61 Pa.Code § 313.14.

IFTA must be applied uniformly in all participating jurisdictions. *R & R Express.* Accordingly, auditors in Pennsylvania cannot use samplings described by Taxpayer to estimate tax liability in derogation of IFTA's audit requirements. *Id.*

## 2. Recomputation of Interest

■ Taxpayer contends that IFTA Section R1230 requires interest to be calculated on both overpayments and underpayments. Taxpayer cites no authority to support its position that IFTA mandates an offset for interest among jurisdictions. We find none and hold that Section R1230 does not require interest to be credited.

IFTA provides that for the assessment of interest:

the base jurisdiction ... shall assess interest on all delinquent taxes due each jurisdiction except taxes collected directly by other jurisdictions.... *Interest due shall be calculated separately for each jurisdiction ....*

Art. XII, Sec. R1230.300.005 (emphasis added). IFTA provides, audit interest must be calculated separately for each jurisdiction, and *"[a]n overpayment for one jurisdiction shall have no effect on the interest calculation for any other jurisdiction."* Art. XII, Sec. R1230.300.010 (emphasis added). The Board correctly concluded that interest was properly calculated as to each jurisdiction.

Section R1230 governs calculating interest in the audit context; it does not govern interest on credits claimed by licensees. Rather, a licensee needs to claim interest as part of a refund under Section R1150. Pursuant to IFTA Section R1100, refunds are made only when all tax liabilities, including audit assessments, have been satisfied to all member jurisdictions.

■ The Department's calculation of interest, separately by jurisdiction without offset, is consistent with its authority under IFTA. Administrative agencies have

only that authority that is outlined by statute. *Tool Sales & Serv. Co., Inc. v. Commonwealth,* 536 Pa. 10, 637 A.2d 607 (1993). The Department does not have authority under applicable law to provide credits for interest on amounts credited to a taxpayer through an auditing procedure. *See* Bd. Dec. at 4; *see also id.* (agencies are entitled to deference in interpreting their enabling statute, applicable regulations and rules for which they have enforcement authority). To do so would contradict Section R1100 regarding timing of refunds, which is limited to *after* audit assessments are satisfied.

Taxpayer has no basis for its argument that interest on underpayments to one jurisdiction should be offset against overpayments to another. Section R1230 is clear that interest is not to be offset among the 50 jurisdictions participating in IFTA. To the contrary, overpayments do not affect interest in other jurisdictions, interest due a taxing jurisdiction must be calculated separately, and a "full month's interest shall accrue on any portion of a month on which tax owed remains unpaid." IFTA Art. XII, Sec. R1230.300.010. The Audit reflected the interest due for the taxes underpaid to each jurisdiction. Considering the statutory scheme, it is apparent that the interest charged for the period of the taxes being overdue to the underpaid taxing jurisdiction remains payable to that jurisdiction, despite the Department's later offset of taxes.

The only IFTA provision regarding credits for interest pertains to refunds sought by a taxpayer, which is wholly inapplicable to the audit process.

## Conclusion

While it generally challenged the tax deficiency, Taxpayer failed to adequately frame the issue of credit for fuel tax paid in its petition for review. Nevertheless,

Taxpayer's arguments regarding double taxation and alleged improper calculation of its tax liability lack merit consistent with our holding in *R & R Express*.

With regard to the calculation of interest, we construe Section R1230 to mandate separate calculation of interest when auditing tax liabilities to each IFTA member jurisdiction. Taxpayer made no specific challenge to the amount of interest and offered no support for its position. Thus, we hold the Department properly calculated the interest owed by Taxpayer to the various taxing jurisdictions.

Based on the foregoing, we affirm the Board.

Judges LEAVITT and BROBSON did not participate in the decision in this case.

## ORDER

**AND NOW,** this 2nd day of May, 2012, the order of the Board of Finance and Revenue is **AFFIRMED.** Unless exceptions are filed within 30 days from entry of this order pursuant to Pa. R.A.P. 1571(i), this Order shall become final.